IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA-FLORISTS' MUTUAL
INSURANCE COMPANY                                                           PLAINTIFF

VS.                              CASE NO. 07-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER              DEFENDANTS

### BRIEF IN SUPPORT OF SEPARATE MOTION TO DISMISS OF DAWOOD AYDANI

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the filing of a motion to dismiss as an initial response of pleading to a complaint, in the event that the complaint fails to state a claim on its face upon which relief can be granted.

Even though a complaint should be liberally construed (<u>Haines vs. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594 [1972]), when it appears beyond doubt that the plaintiff can prove no set of facts to support a claim against a particular defendant, then the relief is justified and should be awarded. <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99 (1957).

In this case it is impossible, even by giving the benefit of the doubt to the complaint, to construe a declaratory judgment action that applies to the separate defendant herein. This is an insurance policy matter between the insurer and the insured, and Mr. Aydani, as a separate individual, has absolutely no nexus, benefit or

contractual relationship to the policy in question. The fact that Mr. Aydani was involved in separate litigation (which has now been settled) does not either directly or by implication mean that those actions invoked any issues concerning coverage, except the issues that are directly between the insurer (plaintiff herein) and the insured (Pittman Nursery Corporation).

In this case there is an "insuperable bar to relief" that warrants the 12(b)(6) dismissal of this cause of action as against this separate defendant. <u>Barnes v. Gateway 2000, Inc.</u>, 122 F.3d 529, 546 (8th Cir. 1997).

Respectfully submitted this April 11, 2008.

                **VICKERY & CARROLL, P.A.**
                Attorneys for Defendant Dawood Aydani


                By: /s/ Ian W. Vickery
                Ian W. Vickery (Ark. Bar ID# 76132)
                PO Box 2037
                El Dorado, AR 71731-2037
                Phone (870) 862-5565
                Fax (870) 863-5889
                ivickery@southarklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kristine G. Baker
Brad G. Dowler
Quattlebaum, Grooms, Tull
     & Burrow PLLC
111 Center Street, Suite 1900
Little Rock AR 72201

    By:___/s/ Ian W. Vickery_____
    Ian W. Vickery (Ark. Bar ID# 76132)
    PO Box 2037
    El Dorado, AR 71731-2037
    Phone (870) 862-5565
    Fax (870) 863-5889
    ivickery@southarklaw.com