IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA – FLORISTS' MUTUAL
INSURANCE COMPANY                                                                           PLAINTIFF

      v.                      Case No. 1:07-CV-01119-HFB

PITTMAN NURSERY CORPORATION, ET AL.                                       DEFENDANTS

**PLAINTIFF'S RESPONSE TO DEFENDANT
BILL FEAZELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Hortica – Florists' Mutual Insurance Company ("Hortica"), for its response to Defendant Bill Feazell's Motion to Dismiss Plaintiff's Complaint, states:

1. This Court should deny the motion to dismiss Hortica's complaint filed by separate defendant Bill Feazell and reject both arguments Mr. Feazell advances in support of his motion. First, Mr. Feazell was named properly as a defendant in this action. Second, a "case or controversy" exists between Mr. Feazell and Hortica under Article III of the Constitution regarding the insurance-coverage issues that Hortica seeks to litigate.

2. When examining a motion to dismiss, this Court asks whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The Court construes a complaint liberally in the light most favorable to the plaintiff, must accept the facts as alleged in the complaint as true, even if doubtful, and will not dismiss it merely because the Court doubts that a plaintiff will be able to prove all of the necessary factual allegations. *Id.* at 1964-65.

3. On June 15, 2007, Mr. Feazell, as trustee of a certain voting trust purportedly conferring in trust upon him all shares of Pittman Nursery and allegedly on behalf of himself and all other stockholders of Pittman Nursery, filed a complaint in this Court against PPLP #1, D&M

Pittman, Inc., and Dawood Aydani, Case No. CV-07-1053. On June 21, 2007, Mr. Feazell filed a first amended complaint naming Pittman Nursery as an additional defendant (the "Feazell Litigation"). In the first amended complaint, Mr. Feazell, as trustee, alleged among other things that he and all other stockholders of Pittman Nursery were entitled to injunctive relief and monetary damages, including but not limited to punitive damages, as a result of acts and events alleged in the first amended complaint.

4. After the filing of the Feazell Litigation, Pittman Nursery requested that Hortica provide a defense and coverage to Pittman Nursery for the claims asserted in the Feazell Litigation. Hortica denied coverage as to the Feazell Litigation and later filed this declaratory-judgment action on December 26, 2007, against Mr. Feazell, Pittman Nursery, and several other defendants over coverage for multiple pending lawsuits in state and federal courts.

5. Mr. Feazell requests that this Court dismiss him as a defendant in this action, arguing that Hortica sued him in his individual capacity and, therefore, did not properly name him as a defendant.

6. Based on the plain language in Hortica's complaint, the Court should reject this argument. *See* Compl. ¶¶ 8, 72, and 73. Mr. Feazell is identified throughout the complaint as the trustee of a certain voting trust purportedly conferring in trust upon him all shares of Pittman Nursery Corporation.

7. In the alternative, Hortica moves pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend its complaint to clarify the capacity in which it has sued Mr. Feazell. The proposed amended complaint is attached hereto and incorporated herein as Exhibit 2. Based on communications between counsel for Mr. Feazell and for Hortica, Hortica had the consent of

2

counsel for Mr. Feazell to file an amended complaint clarifying the capacity in which Hortica sued Mr. Feazell or, in the alternative, respectfully requests leave of the Court to file an amendment because justice so requires. Correspondence between counsel for Hortica and for Mr. Feazell regarding this issue is attached hereto and incorporated herein as Exhibit 1.

8. Mr. Feazell also requests that the Court dismiss him as a defendant, arguing there is no actual "case or controversy" between him and Hortica.

9. An actual controversy as contemplated by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

10. The Supreme Court held in *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941), that insurers may properly join injured parties as defendants in these types of declaratory judgment actions, and that holding is now well settled law. *See Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352-54 (3rd Cir. 1986); *Hawkeye-Security Ins. Co. v. Schulte*, 302 F.2d 174, 177 (7th Cir. 1962); *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 423-24 (5th Cir. 1942); *Hoosier Cas. Co. of Indianapolis, Ind. v. Fox*, 102 F. Supp. 214, 224 (N.D. Iowa 1952) ("It is authoritatively settled that where an insurance company asks for a declaration of non-liability or non-coverage on a policy injured persons . . . are proper parties defendant.").

11. Applying the Arkansas Declaratory Judgment Act, the Supreme Court of Arkansas has adopted the general rule that injured parties are proper parties to a suit by a liability insurer to determine coverage under the insurer's policy. *Southern Farm Bureau Cas. Ins. Co. v.*

*Robinson*, 236 Ark. 268, 271, 365 S.W.2d 454, 457 (1963).

12.    Arkansas also provides broad statutory authority for an injured party to proceed directly against an insurer. Ark. Code Ann. § 23-89-101.

13.    As in *Maryland Casualty*, if the Court dismisses Mr. Feazell from this action, Mr. Feazell, as trustee, could potentially force Hortica to relitigate coverage under the insurance policy Hortica issued to its insured in a later suit pursuant to Ark. Code Ann. § 23-89-101.

14.    Mr. Feazell represents that the Feazell Litigation has settled. The Feazell Litigation was not dismissed until after the Hortica complaint was filed. Further, even if the Feazell Litigation is now settled, Hortica is unaware of the terms of that settlement and whether any settlement releases potential claims Mr. Feazell, as trustee of a certain voting trust purportedly conferring in trust upon him all shares of Pittman Nursery and allegedly on behalf of himself and all other stockholders of Pittman Nursery, may have against Hortica based on the insurance policy and coverage issues.

15.    For these reasons, this Court should deny Mr. Feazell's motion to dismiss based on the claim that he was sued in his individual capacity in this lawsuit and, therefore, not properly named as a defendant in the case. In the alternative, the Court should grant Hortica's request to file an amended complaint clarifying the capacity in which Mr. Feazell was sued.

16.    This Court also should deny Mr. Feazell's motion to dismiss based on his claim that there is no "case or controversy" as to him under Article III of the Constitution regarding the insurance-coverage issues that Hortica seeks to litigate. Mr. Feazell is a proper party to this action.

17.    In further support of this response, Hortica files herewith a brief in support.

WHEREFORE, plaintiff Hortica – Florists' Mutual Insurance Company prays that this Court deny Defendant Bill Feazell's Motion to Dismiss Plaintiff's Complaint and grant Hortica all other relief to which it is entitled.

> QUATTLEBAUM, GROOMS,
>  TULL & BURROW PLLC
> 111 Center Street, Suite 1900
> Little Rock, Arkansas  72201
> (501) 379-1700
>
> By:     /s/  Kristine G. Baker
>         Kristine G. Baker, Ark. Bar No. 96211
>         Brad G. Dowler, Ark. Bar No. 2006177
>
> *Attorneys for Hortica–Florists' Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    Ronny J. Bell
    rbell@belllawfirmpa.com

    Karen Talbot Gean
    ktalbot@belllawfirmpa.com,ktgean@msn.com

    William B. Harrell
    wbharrell@windstream.net

    Ian W. Vickery
    ivickery@southarklaw.com

    David P. Price
    dplaw4781@sbcglobal.net

    Stephen D. Wilson
    swilson@lockelord.com,bknapp@lockelord.com

    Walter L. Boyaki
    wboyaki@aol.com,lettieleal@aol.com

I hereby certify that on this 27th day of May, 2008, I mailed a copy of the foregoing and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service, first class mail to the following non CM/ECF participants:

    Winford L. Dunn, Esq.
    Dunn, Nutter & Morgan LLP
    State Line Plaza, 6th Floor
    Texarkana, AR  71854

    Heriberto Ramos
    917 Franklin, Suite 300
    Houston, TX  77002

    Mike Milligan
    303 Texas Avenue, Suite 808
    El Paso, TX  79901

                                          /s/ Kristine G. Baker