IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA – FLORISTS' MUTUAL
INSURANCE COMPANY                                                                PLAINTIFF

v.                        Case No. 1:07-CV-01119-HFB

PITTMAN NURSERY CORPORATION, ET AL.                                DEFENDANTS

### ANSWER TO ARCELIA MONTIZE'S, EVENCIO GARCIA'S, AND AGUSTIN GARCIA GONZALEZ'S COUNTERCLAIM

Hortica – Florists' Mutual Insurance Company ("Hortica"), for its answer to Arcelia Montize's, Evencio Garcia's, and Agustin Garcia Gonzalez's (the "*Montize* Defendants'") counterclaim, states:

**A.     Parties**

1.      Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of section A. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations.

2.      Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of section A. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations.

3.      Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of section A. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations.

4.      Hortica admits the allegations in paragraph 4 of section A. of the *Montize* Defendants' counterclaim.

5. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of section A. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations.

**B.     Jurisdiction and Venue**

6. In response to paragraph 1 of section B. of the *Montize* Defendants' counterclaim, Hortica admits that the Court has jurisdiction over the *Montize* Defendants' counterclaim. Hortica denies all remaining allegations in paragraph 1 of section B. of the *Montize* Defendants' counterclaim.

7. In response to paragraph 2 of section B. of the *Montize* Defendants' counterclaim, Hortica admits that venue is proper. Hortica denies all remaining allegations in paragraph 2 of section B. of the *Montize* Defendants' counterclaim.

**C.     Background Facts**

8. In response to paragraph 1 of section C. of the *Montize* Defendants' counterclaim, Hortica admits that the *Montize* Defendants filed suit against Pittman Nursery Corporation ("Pittman Nursery") and others in the United States District Court for the Western District of Arkansas, Case No. CV-07-1073 (the "*Montize* Litigation"). Hortica states that the complaint in the *Montize* Litigation speaks for itself and denies any allegations in paragraph 1 of section C. of the *Montize* Defendants' counterclaim regarding the contents of the complaint in the *Montize* Litigation that are inconsistent with that complaint. Upon information and belief, Hortica admits that the *Montize* Litigation is still pending. Hortica denies all remaining allegations in paragraph 1 of section C. of the *Montize* Defendants' counterclaim.

9. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one, two, and three in paragraph 2 of section C. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations. Hortica states that the complaint in the *Montize* Litigation speaks for itself and denies any allegations in paragraph 2 of section C. of the *Montize* Defendants' counterclaim regarding the contents of the complaint in the *Montize* Litigation that are inconsistent with that complaint. Hortica denies all remaining allegations in paragraph 2 of section C. of the *Montize* Defendants' counterclaim.

10. Hortica denies the allegations in paragraph 3 of section C. of the *Montize* Defendants' counterclaim.

11. Hortica denies the allegations in paragraph 4 of section C. of the *Montize* Defendants' counterclaim.

12. Hortica denies the allegations in paragraph 5 of section C. of the *Montize* Defendants' counterclaim.

13. In response to paragraph 6 of section C. of the *Montize* Defendants' counterclaim, Hortica states that the Greenhouse Grower Business Package Policy No. BP-09496 ("Policy No. BP-09496") and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of Hortica and Pittman Nursery. Hortica states that the complaint in the *Montize* Litigation speaks for itself and denies any allegations in paragraph 6 of section C. of the *Montize* Defendants' counterclaim regarding the contents of the complaint in the *Montize* Litigation that are inconsistent with that complaint. Hortica denies all remaining allegations in paragraph 6 of section C. of the *Montize* Defendants' counterclaim.

14. In response to paragraph 7 of section C. of the *Montize* Defendants' counterclaim, Hortica states that Policy No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of Hortica and Pittman Nursery. Hortica denies all remaining allegations in paragraph 7 of section C. of the *Montize* Defendants' counterclaim.

15. Hortica denies the allegations in paragraph 8 of section C. of the *Montize* Defendants' counterclaim.

**D.    Cross-claims**

16. In response to the unnumbered paragraph in section D. of the *Montize* Defendants' counterclaim, Hortica states that this paragraph does not contain any allegations and does not require a response from Hortica. To the extent the unnumbered paragraph in section D. of the *Montize* Defendants' counterclaim is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

**E.    Compulsory Counterclaims**

17. In response to the unnumbered paragraph in section E. of the *Montize* Defendants' counterclaim, Hortica admits that the *Montize* Defendants purport to assert counterclaims against Hortica. Hortica denies that any of the asserted counterclaims have merit. Hortica states that Policy No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of Hortica and Pittman Nursery. Hortica denies all remaining allegations in the unnumbered paragraph of section E. of the *Montize* Defendants' counterclaim.

### 1. Claim for Declaratory Judgment

18. In response to paragraph 1.a. of section E. of the *Montize* Defendants' counterclaim, Hortica admits that Policy No. BP-09496 became effective January 1, 2002 and that Policy No. B-09496 was renewed through the policy period January 1, 2007 to January 1, 2008. Hortica states that Policy No. BP-09496 speaks for itself and sets forth the rights and obligations of Hortica and Pittman Nursery. Hortica denies all remaining allegations in paragraph 1.a. of section E. of the *Montize* Defendants' counterclaim.

19. Hortica denies the allegations in paragraph 1.b. of section E. of the *Montize* Defendants' counterclaim.

20. Hortica denies the allegations in paragraph 1.c. of section E. of the *Montize* Defendants' counterclaim.

21. Hortica states that the complaint in the *Montize* Litigation speaks for itself and denies any allegations in paragraph 1.d. of section E. of the *Montize* Defendants' counterclaim regarding the contents of the complaint in the *Montize* Litigation that are inconsistent with that complaint. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations in paragraph 1.d of section E. of the *Montize* Defendants' counterclaim regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 1.d of section E. of the *Montize* Defendants' counterclaim.

22. Hortica states that the complaint in the *Montize* Litigation speaks for itself and denies any allegations in paragraph 1.e. of Section E. of the *Montize* Defendants' counterclaim regarding the contents of the complaint in the *Montize* Litigation that are inconsistent with that complaint. The second, third, and fourth sentences of paragraph 1.e. of Section E. of the *Montize*

Defendants' counterclaim state legal conclusions and do not require a response from Hortica. To the extent the second, third, and fourth sentences of paragraph 1.e. of Section E. of the *Montize* Defendants' counterclaim are ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations. Hortica states that the Business Excess Policy No. EX07193 speaks for itself and denies any allegations in paragraph 1.e. of Section E. of the *Montize* Defendants' counterclaim regarding the contents of the Business Excess Policy No. EX07193 that are inconsistent with the Business Excess Policy No. EX07193. Hortica states that the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 1.e. of Section E. of the *Montize* Defendants' counterclaim.

   **2.**  **Claim for Breach of Contract**

   23. In response to paragraph 2.a. of Section E. of the *Montize* Defendants' counterclaim, Hortica admits that Policy No. BP-09496 and the Business Excess Policy No. EX07193 were valid contracts between Hortica and Pittman Nursery. Hortica states that the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 2.a. of Section E. of the *Montize* Defendants' counterclaim.

   24. In response to paragraph 2.b. of Section E. of the *Montize* Defendants' counterclaim, Hortica incorporates by reference and restates as if set forth word for word herein its responses to paragraphs 1.b. to 1.e. of section E. of the *Montize* Defendants' counterclaim regarding the *Montize* Litigation. Hortica denies all remaining allegations in paragraph 2.b. of Section E. of the *Montize* Defendants' counterclaim.

25. Hortica denies the allegations in paragraph 2.c. of Section E. of the *Montize* Defendants' counterclaim. Hortica states that the complaint Hortica filed in this action, Case No. 1:07-CV-01119 HFB, speaks for itself in regard to the relief Hortica requests in this action. Hortica denies all remaining allegations in paragraph 2.c. of Section E. of the *Montize* Defendants' counterclaim.

26. Hortica denies the allegations in paragraph 2.d. of Section E. of the *Montize* Defendants' counterclaim.

### 3. Claim for Bad Faith

27. Hortica admits the allegations in paragraph 3.a. of Section E. of the *Montize* Defendants' counterclaim.

28. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.b. of Section E. of the *Montize* Defendants' counterclaim and, therefore, denies those allegations. The *Montize* Defendants' allegations are vague and ambiguous in the use of the phrases "directly or through its counsel" and "denied the existence of." Hortica states the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 3.b. of Section E. of the *Montize* Defendants' counterclaim.

29. Hortica denies the allegations in paragraph 3.c. of Section E. of the *Montize* Defendants' counterclaim.

30. In response to paragraph 3.d. of Section E. of the *Montize* Defendants' counterclaim, Hortica admits that it initially agreed to defend Pittman Nursery in the *Montize*

Litigation under a reservation of rights. Hortica denies all remaining allegations in paragraph 3.d. of Section E. of the *Montize* Defendants' counterclaim.

31. Hortica denies the allegations in paragraph 3.e. of Section E. of the *Montize* Defendants' counterclaim.

32. Hortica denies the allegations in paragraph 3.f. of Section E. of the *Montize* Defendants' counterclaim.

33. Hortica denies the allegations in paragraph 3.g. of Section E. of the *Montize* Defendants' counterclaim.

34. Hortica denies the allegations in paragraph 3.h. of Section E. of the *Montize* Defendants' counterclaim.

35. Hortica denies the allegations in paragraph 3.i. of Section E. of the *Montize* Defendants' counterclaim.

36. Hortica denies the allegations in paragraph 3.j. of Section E. of the *Montize* Defendants' counterclaim.

37. Hortica denies the allegations in paragraph 3.k. of Section E. of the *Montize* Defendants' counterclaim.

38. Hortica denies the allegations in paragraph 3.l. of Section E. of the *Montize* Defendants' counterclaim.

39. Hortica denies the allegations in paragraph 3.m. of Section E. of the *Montize* Defendants' counterclaim.

### 4.  Claim for Breach of Fiduciary Duty

40. In response to paragraph 4.a. of Section E. of the *Montize* Defendants' counterclaim, Hortica admits that it initially agreed to defend Pittman Nursery in the *Montize* Litigation under a reservation of rights. Hortica states that Policy No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of Hortica and Pittman Nursery. Hortica further states it complied with the policies. Hortica denies all remaining allegations in paragraph 4.a. of Section E. of the *Montize* Defendants' counterclaim.

41. Hortica denies the allegations in paragraph 4.b. of Section E. of the *Montize* Defendants' counterclaim.

42. Hortica denies the allegations in paragraph 4.c. of Section E. of the *Montize* Defendants' counterclaim.

43. Hortica denies the allegations in paragraph 4.d. of Section E. of the *Montize* Defendants' counterclaim.

44. Hortica denies the allegations in paragraph 4.e. of Section E. of the *Montize* Defendants' counterclaim.

45. Hortica denies the allegations in paragraph 4.f. of Section E. of the *Montize* Defendants' counterclaim.

### 5.  Claim for Attorneys' Fees and Costs

46. Paragraph 5.a. of Section E. of the *Montize* Defendants' counterclaim states legal conclusions and does not require a response from Hortica. To the extent paragraph 5.a. of

Section E. of the *Montize* Defendants' counterclaim is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

47. Hortica denies the allegations in paragraph 5.b. of Section E. of the *Montize* Defendants' counterclaim.

48. Hortica denies all allegations in the *Montize* Defendants' prayer for relief after paragraph 5.b of section E. of the *Montize* Defendants' counterclaim.

49. Hortica denies each allegation in the *Montize* Defendants' counterclaim not specifically admitted herein.

50. Hortica reserves the right to amend its answer or otherwise plead in response to the *Montize* Defendants' counterclaim.

## **AFFIRMATIVE DEFENSES**

51. The *Montize* Defendants' counterclaim fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

52. The *Montize* Defendants' counterclaim, or portions thereof, may be barred by the doctrines of comparative fault, estoppel, laches, unclean hands, and waiver and by the applicable statute of limitations.

53. Hortica states that the *Montize* Defendants are not entitled to an award of punitive damages and that any award of punitive damages against Hortica would be unconstitutional as violative of the Double Jeopardy Clause of the Fifth Amendment, U.S. Const. Amend. V; the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII; and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV.

54. Hortica states that the *Montize* Defendants are not entitled to an award of punitive damages and that any award of punitive damages against Hortica would be unconstitutional as violative of the Excess Fines Clause, Ark. Const. Art. 2, § 9, and the Due Process Clause, Ark. Const. Art. 2, § 8.

55. Hortica expressly reserves the right to assert any and all additional affirmative defenses which discovery may reveal to be appropriate.

56. Hortica expressly reserves the right to assert any cross-claim, counterclaim, or third-party complaint revealed by discovery or if necessary to assert its rights to contribution or indemnity.

WHEREFORE, Hortica prays that this Court dismiss the *Montize* Defendants' counterclaim, enter judgment in favor of Hortica, and grant Hortica all other relief to which it is entitled.

>QUATTLEBAUM, GROOMS,
>  TULL & BURROW PLLC
>111 Center Street, Suite 1900
>Little Rock, Arkansas  72201
>(501) 379-1700
>
>By:  /s/  Kristine G. Baker
>     Kristine G. Baker, Ark. Bar No. 96211
>     Brad G. Dowler, Ark. Bar No. 2006177
>
>*Attorneys for Hortica–Florists' Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

>Ronny J. Bell
>rbell@belllawfirmpa.com
>
>Karen Talbot Gean
>ktalbot@belllawfirmpa.com,ktgean@msn.com
>
>William B. Harrell
>wbharrell@windstream.net
>
>Ian W. Vickery
>ivickery@southarklaw.com
>
>David P. Price
>dplaw4781@sbcglobal.net
>
>Stephen D. Wilson
>swilson@lockelord.com,bknapp@lockelord.com
>
>Walter L. Boyaki
>wboyaki@aol.com,lettieleal@aol.com

I hereby certify that on this 6th day of June, 2008, I mailed a copy of the foregoing and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service, first class mail to the following non CM/ECF participants:

>Winford L. Dunn, Esq.
>Dunn, Nutter & Morgan LLP
>State Line Plaza, 6th Floor
>Texarkana, AR  71854
>
>Heriberto Ramos
>917 Franklin, Suite 300
>Houston, TX  77002
>
>Mike Milligan
>303 Texas Avenue, Suite 808
>El Paso, TX  79901

                                                /s/ Kristine G. Baker