IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA – FLORISTS' MUTUAL
INSURANCE COMPANY                                                                 PLAINTIFF

    v.                                           CASE NO. 07-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER              DEFENDANTS

**BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
BY SEPARATE DEFENDANTS
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
D&M PITTMAN, INC., AND MICKEY H. PITTMAN**

On December 26, 2007, Plaintiff, Hortica—Florists' Mutual Insurance Company, filed its Complaint for Declaratory Judgment against Defendants, Pittman Nursery Corporation ("PNC"), Donna Sue Pittman King, Pittman Properties Limited Partnership #1, Dawood Aydani, Bill Feazell, D&M Pittman, Inc., Arcelia Montize, Evencio Garcia, Agustin Garcia Gonzalez, Mickey H. Pittman, and John Michael Hunter, seeking a declaration regarding its duty to defend or indemnify PNC in connection with the complaints filed against PNC by Defendants.

Separate Defendants seek summary judgment against Plaintiff, effectively dismissing Separate Defendants from this action, because no actual case or controversy exists between Plaintiff and Separate Defendants for the following reasons:

1. Plaintiff does not have standing to seek declaratory relief concerning Separate Defendants;

2. Plaintiff's claim against Separate Defendants is moot as it relates to the federal action styled *Bill Feazell vs. Pittman Properties Limited Partnership #1, D&M Pittman, Incorporated, Dawood Aydani*, and *Pittman Nursery Corporation*, USDC, Western District of Arkansas, El Dorado Division, No. 07-CV-1053 ("the federal action") and the state court action styled *Pittman Properties Limited Partnership #1 vs. Pittman Nursery Corporation and Donna Sue Pittman King, individually*, Case No. CV-2007-106-4 ("the unlawful detainer action"); and

3. Plaintiff's claim against Separate Defendants is not ripe for adjudication as it relates to the federal action styled *Arcelia Montize, Evencio Garcia and Agustin Garcia Gonzalez vs. Pittman Properties Limited Partnership #1, D&M Pittman, Incorporated, Dawood Aydani, Mickey H. Pittman and Pittman Nursery Corporation*, USDC, Western District of Arkansas, El Dorado Division No. 07-CV-1073 ("the *Montize* action").

Consequently, all other facts are immaterial, and Separate Defendants are entitled to summary judgment as a matter of law.

## STANDARD OF DECISION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of sustaining a motion for summary judgment is on the moving party. *Uhiren v. Bristol-Myers Squibb Co., Inc.*, 346 F.3d 824, 827 (8th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). All submitted proof must be viewed in a light most favorable to the

adverse party, and any doubts or inferences must be resolved against the moving party. *Sallis v. Univ. of Minn,* 408 F.3d 470, 474 (8th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986)).

Once the moving party makes a prima facie showing that it is entitled to summary judgment, the non-moving party must go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. *Uhirne,* 346 F.3d at 827 (citing *Liberty Lobby, Inc.*, 477 U.S. at 256-57). Summary judgment requires the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Uhiren,* 346 F.3d at 827 (citing *Matsushita Elec. Ind. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party "may not rest upon the mere allegations or denials of his pleadings." *Liberty Lobby*, 477 U.S. at 256.

Federal R. Civ. P. 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *Sallis,* 408 F.3d at 474 *(*citing *Celotex*, 477 U.S. at 322-323). If the party cannot establish the existence of an essential element of that party's case, there can be no genuine issue as to any material fact because "a complete failure of proof concerning an essential element necessarily renders all other facts immaterial," and the moving party will be entitled to judgment as a matter of law. *Id*.

## ARGUMENT

Plaintiff brings its declaratory judgment action pursuant to the federal Declaratory Judgment Act ("the Act") codified at 28 U.S.C. § 2201. *See* Complaint, ¶ 1. Many courts have noted that the "case or controversy" requirement of Article III of the Constitution applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive

relief. *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). The Act provides in part:

> In a case of *actual controversy* within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

(emphasis added) 28 U.S.C. § 2201(a). Thus, to be entitled to a declaratory judgment, Plaintiff must establish an actual case or controversy.

In order to establish an actual case or controversy, Plaintiff must show, *inter alia*, that it has standing to bring its cause of action against Separate Defendants, its cause of action against Separate Defendants is "live," and its cause of action against Separate Defendants is ripe for adjudication. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 322, 352 (2006) (noting that "[t]he doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does"). However, the undisputed facts clearly show that no actual case or controversy exists between Plaintiff and Separate Defendants for the following reasons: 1) Plaintiff has no standing to bring its cause of action against Separate Defendants; 2) Plaintiff's cause of action against Separate Defendants is moot as it pertains to the federal and unlawful detainer actions; and 3) Plaintiff's cause of action against Separate Defendants is not ripe for adjudication as it pertains to the *Montize* action. As Plaintiff is unable to sufficiently establish an actual case or controversy, which is an essential element of its case, Separate Defendants are entitled to summary judgment as a matter of law.

> **A.  Because no actual case or controversy presently exists, Plaintiff has failed to establish an essential element of its case, and there is no genuine issue of material fact.**

Although the Supreme Court has not drawn the brightest of lines between those declaratory judgment actions that satisfy the "case or controversy" requirement and those that do not, the Court has consistently required that the dispute be "real and substantial" and "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genetech*, 549 U.S. 118 (2007).  Put another way, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Because the test to determine the existence of a "substantial controversy" is imprecise, the Court must base its decision upon the facts on a case-by-case basis.  *Marine Equip. Mgmt. Co.*, 4 F.3d at 646 (citing *Golden v. Zwickler*, 394 U.S. 103, 108, (1969)).  The justiciability doctrines of standing, mootness, and ripeness determine whether an actual case or controversy exists.  *Cuno*, 547 U.S. at 352.

> **1.  No actual case or controversy exists between Plaintiff and Separate Defendants.**

It appears Plaintiff has joined Separate Defendants in this action on the basis of *Maryland Casualty* and similar cases in other federal circuits.  In *Maryland Casualty*, an insurer sought a declaration that an automotive liability insurance policy it had issued to an insured did not provide coverage for an accident and resulting lawsuit filed against the insured by an injured party.  312 U.S. at 271-272.  In its lawsuit, the insurer named as defendants both the insured and the injured party.  *Id.*  The injured party moved to dismiss on the basis that the complaint did not state a cause of action against him, and the district court, as well as the court of appeals,

affirmed. *Id*. However, the United States Supreme Court reversed, holding that an actual controversy existed between the insurer and injured party because the injured party had a statutory right in Ohio to proceed against the insurer if the injured party obtained a judgment against the insured that the insured failed to satisfy within 30 days. *Id*. at 273-274. In making its holding the Court reasoned that, if the injured party was dismissed from the litigation, the injured party could force the insurer to re-litigate coverage under the policy in a later action, which could result in contrary interpretations of the insurer's obligations under the policy. *Id*.

However, the present case is easily distinguished from *Maryland Casualty* in that, unlike in *Maryland Casualty*, Separate Defendants have made no claim, nor appear to have a basis for a claim, against Plaintiff for proceeds derivative of PNC's insurance policies. Affidavits of Mickey H. Pittman and David A. Pittman, president of D&M Pittman, Inc., managing partner of PP1, attached hereto as Exhibits A and B. Thus, there is no danger of contrary interpretations of the Hortica policies. Contrary to *Maryland Casualty*, Plaintiff has not asked this Court to determine Separate Defendants' rights to proceeds derivative of PNC's insurance policies. In fact, Plaintiff has failed to allege any actual case or controversy between it and Separate Defendants, alleging only that "an actual and justiciable controversy exists between Hortica and Pittman Nursery with respect to Hortica's obligations for defense and/or indemnity in connection with the pending" litigation. Complaint, ¶¶ 62, 76, and 83. Plaintiff asks this Court to adjudicate the rights and obligations of the parties under the Hortica policies. *See* Complaint, Prayers to Counts I, II, and IV. There is no question that the only parties to the Hortica policies are Plaintiff and PNC. Complaint, ¶¶ 17-18, 20, 29-30, 38-39, 45-46, and 48. Accordingly, as Plaintiff has failed to sufficiently establish the case-or-controversy element of its case, Separate Defendants are entitled to summary judgment as a matter of law.

## 2. Plaintiff lacks standing to bring this cause of action against Separate Defendants.

As the United States Supreme Court has explained, "no principle is more fundamental to the judiciary's role in our system of government than that constitutional limitation of federal court jurisdiction to actual cases or controversies," and standing is an "essential and unchanging part of the case-or-controversy requirement." *Cuno*, 547 U.S. at 341 (quoting *Raines v. Byrd*, 521 U.S. 811 (1997)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is composed of three elements: 1) an "injury in fact," or an invasion of a legally protected interest which is "concrete and particularized" and "actual or imminent," as opposed to hypothetical; 2) a causal connection between the injury and the conduct complained of, meaning the injury must be "fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the Court;" and 3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560. However, in the case of a declaratory judgment, no actual wrong need be committed or loss have occurred in order to sustain the action. *County of Mille Lacs v. Benjamin*, 361 F.3d 460 (8th Cir. 2004). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). Because standing is an "indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan*, 504 U.S. at 561.

Plaintiff lacks standing to seek a declaratory judgment against Separate Defendants because Plaintiff has not endured, nor is in imminent danger of enduring, an injury at the hands Separate Defendants as it relates to the issue of the Hortica policies. Plaintiff merely alleges Separate Defendants' involvement in the federal, unlawful detainer, and *Montize* actions without alleging any actual, imminent, or particular injury that is traceable to Separate Defendants. *See*

Complaint, Counts I, III, and IV. Plaintiff has not alleged—nor can it—as it has in the case of PNC, that Separate Defendants have made a claim to insurance proceeds payable by Plaintiff, nor has Plaintiff alleged—nor can it—that Separate Defendants are beneficiaries of PNC's insurance policies payable by Plaintiff. *See* Exs. A and B. Moreover, Plaintiff cannot receive a favorable decision from this Court as it concerns its declaratory judgment action against Separate Defendants because Separate Defendants have no legal interest in the determination of Plaintiff's liability to PNC, and any declaratory judgment rendered in this action against Separate Defendants would be nothing more than an advisory opinion.

>   3.   **Plaintiff's claim against Separate Defendants, as it relates to the federal and unlawful detainer actions, is moot.**

A case or controversy must exist at every stage of litigation. *Marine Equip. Mgmt. Co.*, 4 F.3d at 646 (citing *Zwickler*, 394 U.S. at 108). When a case ceases to present an actual, ongoing case or controversy, the case is moot and the Court no longer has jurisdiction to hear it. *Hickman v. State of Mo*, 144 F.3d 1141, 1142 (8th Cir. 1998). A case is moot where there is no reasonable expectation that the alleged violation will recur and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," resulting in neither party having a "legally cognizable interest" in the final determination of the underlying questions of fact and law. *St. Louis Fire Fighters Ass'n Intern. Ass'n of Fire Fighters Local 73 v. St. Louis, Missouri*, 96 F.3d 323, 329 (8th Cir. 1996). The Supreme Court has said that a case is properly dismissed as moot if it "has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982).

The Eighth Circuit found there was no actual, ongoing case or controversy within the meaning of Article III of the Constitution on appeal from the denial of a request for declaratory

relief and a preliminary injunction to halt the federal government's testing of hepatitis A vaccine on children at certain Indian reservations where the testing program, though active at the inception of case, had ceased by the time of the appeal and the government had no further plans to resume testing. *Iron Cloud v. Sullivan*, 984 F.2d 241 (8th Cir. 1993). Likewise, in 1983, the Eighth Circuit held moot the claims of tenants who brought an action against their landlord and the Department of Housing and Urban Development for alleged discrimination where, although a live controversy existed at the time the tenants filed suit, the tenants had since moved out of the apartments and expressed no intention to return. *Carson v. Pierce*, 719 F.2d 931 (8th Cir. 1983).

In the present action, at the time Plaintiff filed its Complaint against, *inter alia*, Separate Defendants, all three actions involving PNC and Separate Defendants were pending in their respective courts. By the time Separate Defendants received service of Plaintiff's Complaint and Summons for the present action in late March 2008, both the federal and unlawful detainer actions had long since been settled and dismissed. *See* Order of Dismissal with Prejudice in Case No. 07-CV-1053, attached hereto as Exhibit C; Order of Dismissal with Prejudice in Case No. CV-2007-106-4, attached hereto as Exhibit D; and Notices of Service of Process, referenced herein as Exhibits E, F, and G and previously filed in this matter as Documents 13, 18, and 19 (with their exhibits). Thus, here, as in *Carson*, a live controversy may have existed at the time Plaintiff filed suit, but because both the federal and unlawful detainer actions were dismissed with prejudice, Plaintiff's claim for a declaratory judgment against Separate Defendants is moot as it relates to Plaintiff's liability to pay and PNC's entitlement to insurance proceeds stemming from the federal and unlawful detainer actions.

In addition, a case is moot if the parties no longer have a "legally cognizable interest" in the final determination of the underlying questions of fact and law. *See St. Louis Fire*. Here,

Separate Defendants are not beneficiaries of PNC's insurance policies nor have they at any time claimed entitlement to any of the proceeds derivative of PNC's insurance policies. *See* Exs. A and B. In addition to Separate Defendants presently having no legally cognizable interest in the determination of Plaintiff's liability to PNC, the facts clearly show Separate Defendants *never* had a legally cognizable interest in whether PNC received insurance proceeds from Plaintiff. Moreover, Plaintiff has failed to plead that Separate Defendants have any legal cognizable interest in this action, which is elemental to its claim. *See* Complaint, ¶¶ 62, 76, and 83 (alleging an actual and justiciable controversy between Plaintiff and PNC). As in *Carson*, if declaratory relief were granted for Plaintiff, it would have no effect on Separate Defendants since they have never asserted any claims against PNC by which they could receive any insurance proceeds from Plaintiff. Thus, granting declaratory relief for Plaintiff's claim against Separate Defendants concerning the federal and unlawful detainer actions would result in the Court issuing an advisory opinion on an abstract question of law and fact.

> **4. Plaintiff's claim against Separate Defendants, as it relates to the *Montize* action, is not ripe for adjudication.**

To seek a declaratory judgment, Plaintiff's claim must be ripe for adjudication. *Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1050 (8th Cir. 1996). To be ripe for adjudication, Plaintiff's claim must be sufficiently concrete within the meaning of the Constitution such that "prudent considerations justify present exercise of judicial power." *Id*. at 1050. More specifically, a substantial controversy must exist between the parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 649 (8th Cir. 1985) (quoting *Maryland Cas. Co*. 312 U.S. at 273). A claim is not ripe for adjudication if it rests on contingent future events that may not occur as anticipated or may not occur at all. *Texas v. U.S.*, 523 U.S. 296, 300 (1998).

In making its ripeness inquiry, the Court must determine both the fitness of the issues for judicial decision and the hardship to the parties in withholding the Court's consideration. *Public Water Supply Dist. No. 10 of Cass County, Mo. v. Peculiar, Mo.*, 345 F. 3d 570, 572-573 (8th Cir. 2003). The fitness inquiry focuses on whether the Court has the ability to visit the issue and whether the action would benefit from further factual development. *Id*. at 573 (noting that a case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities). As for the hardship prong, an "abstract injury" is not enough because the Plaintiff must allege it has sustained or is immediately in danger of sustaining some direct injury as a result of Separate Defendants' conduct, although Plaintiff need not wait until the threatened injury occurs. *Id*.

Plaintiff's claim against Separate Defendants as it relates to the *Montize* action is not ripe for adjudication because Plaintiff's claim is unfit for judicial determination and Plaintiff will experience no hardship from the Court withholding its consideration. The *Montize* action, which has recently been stayed by joint motion, is in its infancy and would greatly benefit from further factual development, specifically concerning the allegations made against Separate Defendants. Plaintiff's request for declaratory relief as it pertains to the *Montize* action essentially asks this Court to issue an advisory opinion as to what the law would be upon a hypothetical set of facts, i.e. if the migrant workers' claims have coverage in the Migrant Seasonal Worker Act; if Separate Defendants are found to be employers under the Fair Labor Standards Act and the Migrant Seasonal Worker Act; if the migrant workers can prove Separate Defendants engaged in the activities alleged, etc. *See Presier v. Newkirk*, 422 U.S. 395, 401 (1975).

In addition, Plaintiff has yet to sustain and is not in immediate danger of sustaining injury at the hands of Separate Defendants because Separate Defendants have not made any claim to

proceeds derivative of PNC's insurance policies nor do Separate Defendants have a basis upon which to make such a claim. *See* Exs. A and B. Plaintiff has not alleged, nor can it show, that a substantial controversy exists between Plaintiff and Separate Defendants, nor that the Plaintiff and Separate Defendants have adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. Without such a showing, Plaintiff's claim against Separate Defendant as it relates to the *Montize* action is unripe, and Plaintiff has failed to meet its burden under the summary judgment standard.

> **B.    Because no actual case or controversy exists between Plaintiff and Separate Defendants, Separate Defendants are entitled to summary judgment as a matter of law.**

Federal R. Civ. P. 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *Sallis,* 408 F.3d at 474 *(*citing *Celotex*, 477 U.S. at 322-323). If Plaintiff cannot establish the existence of an essential element of its case, there can be no genuine issue as to any material fact because "a complete failure of proof concerning an essential element necessarily renders all other facts immaterial," and Separate Defendants will be entitled to judgment as a matter of law. *Id*. Here, the existence of an actual case or controversy is an essential element of Plaintiff's declaratory judgment action. However, an actual case or controversy does not exist between Plaintiff and Separate Defendants because Plaintiff does not have standing to seek declaratory relief concerning Separate Defendants, its claim against Separate Defendants concerning the federal and unlawful detainer actions is moot, and its claim against Separate Defendants concerning the *Montize* action is unripe for adjudication. Consequently, all other facts are immaterial, and Separate Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

Based upon the foregoing, summary judgment should be entered in favor of Separate Defendants, denying Plaintiff request for declaratory relief and dismissing Separate Defendants from this action.

Respectfully submitted,

PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
D&M PITTMAN, INC. AND MICKEY H. PITTMAN,
Separate Defendants

BELL LAW FIRM, P.A.
Attorneys for Separate Defendants
P.O. Box 841
Magnolia, AR 71754-0841
(870) 234-6111


By:____/s/ Ronny J. Bell_____
        Ronny J. Bell, ABN 77010
        Jennifer R. Jameson, ABN 2007190

## CERTIFICATE OF SERVICE

  I hereby certify that on June 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Kristine G. Baker, Esq.<br>kbaker@qgtb.com | David P. Price<br>dplaw4781@sbcglobal.net |
| Brad G. Dowler, Esq.<br>bdowler@qgtb.com | Stephen D. Wilson<br>swilson@lockelord.com |
| William B. Harrell<br>wbharrell@windstream.net | Bradley C. Knapp<br>bknapp@lockelord.com |
| Ian W. Vickery<br>ivickery@southarklaw.com | Walter L. Boyaki<br>wboyaki@aol.com and littieleal@aol.com |

              __/s/ Ronny J. Bell_____
              Ronny J. Bell