IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA - FLORISTS' MUTUAL                         PLAINTIFF
INSURANCE COMPANY

Case No. 07-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL, trustee of a certain
voting trust conferring in trust upon him all of the shares of
Pittman Nursery Corporation and on behalf of himself and all
other stockholders of Pittman Nursery Corporation,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER         DEFENDANTS

**DEFENDANT BILL FEAZELL'S BRIEF IN SUPPORT OF**
**HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Bill Feazell, as trustee of a certain voting trust ("Mr. Feazell"), files this Brief in Support of his Motion to Dismiss Plaintiff Hortica-Florists' Mutual Insurance Company's ("Plaintiff" or "Hortica") First Amended Complaint ("Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, the Motion to Dismiss should be granted because there is no actual case or controversy to be adjudicated. Second, the Motion to Dismiss should be granted for failure of Plaintiff to state a claim upon which relief may be granted.

**I.**
**BACKGROUND**

Hortica filed this declaratory judgment action to adjudicate coverage under certain insurance policies, which it attached to its Amended Complaint.[1] The policies, on their face, show that Mr. Feazell is not an insured. The insured under those policies is Pittman Nursery Corporation ("Pittman Nursery") with Hortica serving as the insurer, and the coverage dispute

---

[1] Plaintiff's original Complaint sued Mr. Feazell in his individual capacity. The Amended Complaint was amended to sue Mr. Feazell in his role as trustee.

1

centers around five lawsuits filed in state and federal court. Mr. Feazell is not insured under the policies, nor does Plaintiff allege that Mr. Feazell is insured under the policies.

Two of the five lawsuits are currently pending. Mr. Feazell is not a party to the pending putative class action filed by Arcelia Montize, Evencio Garcia, and Agustin Garcia Gonzalez. Additionally, Mr. Feazell is not a party to the pending lawsuit initiated by John-Michael Hunter. The other three lawsuits have settled, and Mr. Feazell was a party in only one in his capacity as trustee of certain voting shares in Pittman Nursery Corporation. That settlement and dismissal with prejudice[2] deprives Mr. Feazell, as a trustee, of any judgment on which he could conceivably claim damages; therefore he cannot obtain damages through Pittman Nursery's insurance coverage.

## II.
## ARGUMENTS AND AUTHORITIES

As the facts outlined above indicate, Mr. Feazell, even in his role as voting trustee, has no interest in the present litigation. He is not pursuing any claims against Pittman Nursery, and Pittman Nursery's insurance coverage is irrelevant to the settled dispute. Thus, this Court should dismiss Plaintiff's Amended Complaint on either of two independent grounds. First, Hortica has not alleged the existence of a case or controversy with respect to Mr. Feazell. Second, Pittman Nursery has failed to state a claim upon which relief may be granted with respect to Mr. Feazell.

**A.    The Complaint Must Be Dismissed For Lack Of A Case Or Controversy.**

The jurisdictional power of a federal court over an action necessarily depends on the existence of an actual "case and controversy" between the parties. U.S. Const. Art. III, § 2, cl. 1. The justiciability doctrines of standing, mootness, and ripeness play an important role in

---

[2] *See Order,* in *Feazell as Trustee of a certain Voting Trust* v. *Pittman Properties Limited Partnership #1 et al;* CIVIL DOCKET FOR CASE #: 1:07-cv-01053-HFB *at Docket No. 43;* in the U.S. District Court, Western District of Arkansas, El Dorado Division.

2

determining whether there is an actual case or controversy at issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 352 (2006). Mootness and standing are threshold jurisdictional questions for a federal court. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998).

The case or controversy requirement under Article III is applicable in the context of claims for relief under the Declaratory Judgment Act. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 770-71 (2007); *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004). The critical test to determine whether a case presents an actual "case or controversy" within the meaning of the Declaratory Judgment Act is whether the controversy is of sufficient immediacy and reality to warrant a declaratory judgment action. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Agribank, FCB v. Cupples*, 850 F. Supp. 780, 782 (E.D. Ark. 1993). A controversy is justiciable only if it presents the plaintiff with a present danger or dilemma, not a danger or dilemma which is contingent upon the happening of certain future or hypothetical events. *See, e.g., Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006); *Bellefonte Reins. Co. v. Aetna Cas. and Sur. Co*, 590 F. Supp. 187 (S.D.N.Y. 1984). No justiciable controversy exists when it is based upon the possibility of a factual situation that may never develop. *See, e.g., Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989); *Hunt v. Anderson*, 794 F. Supp. 1551 (M.D. Ala. 1991).

Standing and ripeness must be determined on the basis of the plaintiff's complaint. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Lujan*, 504 U.S. at 561. Mootness can arise at any time if events occur during the course of the proceeding depriving the court of an ability to grant relief. *Nebraska v. Central Interstate Low-Level Radioactive Waste Compact*, 187 F.3d 982, 987 (8th Cir. 1999). Further, the plaintiff bears the burden of establishing justiciability under these

doctrines. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (noting that it is the "burden of the 'party who seeks the exercise of jurisdiction in his favor…clearly to allege facts that he is a proper party to invoke judicial resolution of the dispute'") (internal citations omitted). If the plaintiff fails to establish these threshold requirements, then a court is empowered to dismiss a complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

i. **Plaintiff lacks standing to seek a declaratory judgment against Mr. Feazell.**

To have standing, a plaintiff must allege an injury-in-fact traceable to the conduct of the defendant and the court must be able to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004). In the context of declaratory judgments, the standing requirement is the same except that no actual wrong need be committed or loss have occurred. *Benjamin*, 361 F.3d at 464.

Plaintiff's Amended Complaint simply recites the existence of a lawsuit in which Mr. Feazell appeared as a party in a derivative capacity. There is no allegation that Mr. Feazell has ever sought or threatened to seek coverage under the Hortica insurance policies. Accordingly, the Complaint does not allege the type of Damoclean threat over Hortica to constitute the type of "injury" that declaratory judgments are designed to address. *See* 10B C. Wright, M. Miller, and A. Kane, Federal Practice and Procedure § 2751 (3rd ed. 1998) (explaining purpose of declaratory relief).

Plaintiff's Amended Complaint fails to allege an actual case or controversy. The only allegations implicating Mr. Feazell at all refer to a lawsuit that has since settled and been dismissed with prejudice. *See Order,* in *Feazell as Trustee of a certain Voting Trust v. Pittman Properties Limited Partnership #1 et al;* CIVIL DOCKET FOR CASE #: 1:07-cv-01053-HFB *at Docket No. 43;* in the U.S. District Court, Western District of Arkansas, El Dorado Division.

Plaintiffs lack standing because they can not allege an injury that would result from Mr. Feazell's litigation. *See Lujan*, 504 U.S. at 560-61. Moreover, any hypothetical injury cannot be redressed by the Court because no declaration by the Court can have any impact on Plaintiff's duty to indemnify Pittman Nursery from Mr. Feazell's derivative suit. *See id.* The suit has settled, and the Court is left with no relief it could grant. Thus, the case should be dismissed for lack of standing.

ii.  **Plaintiff's claims against Mr. Feazell are moot.**

A claim is moot when a claim "'has lost its character as a present, live controversy.'" *St. Louis Firefighter Ass'n Int'l Assn' of Firefighters Local 73 v. City of St. Louis*, 96 F.3d 323 (8th Cir. 1996) (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982)). If events occur depriving the court of its ability "to grant specific and conclusive relief as to an issue raised, then the issue is moot." *Radioactive Waste Compact*, 187 F.3d at 987. Additionally, voluntary conduct will moot a claim if it is clear that "the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000). Once a claim becomes moot, the court is divested of jurisdiction over that claim because it fails to satisfy the case or controversy requirement of Article III. *Cuno*, 547 U.S. at 352. Accordingly, "the question of mootness is…one which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). Moreover, a court lacks jurisdiction to hear a claim for declaratory relief if the claim is moot. *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998).

Mr. Feazell as trustee is no longer engaged in litigation against Pittman Nursery Corporation. Mr. Feazell cannot, therefore, obtain any damages insured by Plaintiff for that litigation. Any declaration relating to coverage arising out of that litigation lacks sufficient

immediacy for declaratory relief and is simply moot because no relief may be granted. *See Maryland Cas.*, 312 U.S. at 273; *Radioactive Waste Compact*, 187 F.3d at 987. While a case or controversy may have existed when Mr. Feazell's derivative suit was active, that case has settled, and the controversy has ended.

### iii. Any controversy related to the only remaining pending litigation is not ripe for adjudication.

Ripeness also plays a role in determining whether a case or controversy exists. The ripeness doctrine preserves judicial resources by avoiding premature adjudication and entanglement in abstract disputes. *Public Water Supply Dist. No. 10 of Cass Co., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572-73 (8th Cir. 2003) (deciding that the case was not ripe for a declaratory judgment). If an injury has not yet occurred, there must be danger of immediate, certain, and impending injury. *Id.* at 573. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States,* 523 U.S. 296, 300 (1998) (quoting 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532, p. 112 (1984)). Courts lack jurisdiction to hear a claim for declaratory relief if the claim is not ripe. *Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1050 (8th Cir. 1996).

To the extent Plaintiff would allege a claim for declaratory relief for the pending litigation, those claims are not ripe for adjudication as Mr. Feazell has not been named as a defendant. Any claim under this litigation is based on the contingency that Mr. Feazell will become a named party in pending litigation—this contingency is too tenuous to support a case or controversy. *See Texas*, 523 U.S. at 300.

Plaintiff has therefore not satisfied its burden of demonstrating an actual case or controversy. *See FW/PBS*, 493 U.S. at 231. Plaintiffs have failed to allege facts supporting

6

standing, the dispute regarding coverage for settled litigation has now been mooted because of the settlement, and any other claims are not ripe with respect to Mr. Feazell. Thus, the Complaint must be dismissed. Fed. R. Civ. P. 12(b)(1).

**B.     Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted.**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (noting that the federal pleadings standard requires more than legal conclusions unsupported by facts or a "formulaic recitation of the elements of a cause of action"). To avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim. *Twombly*, 127 S.Ct. at 1965. Even under the liberal pleading standard in federal courts, courts will give no effect to conclusory legal allegations. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Tested against this standard Plaintiff's claim cannot survive dismissal under Rule 12(b)(6).

A declaratory judgment action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff fails to allege an "actual controversy" as required by the Declaratory Judgment Act or when the plaintiff can prove no set of facts that would entitle it to relief. 28 U.S.C. § 2201(a); *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998).

Plaintiff has failed under both tests. First, the claims to not present the requisite "actual controversy"—a point detailed in Section A, *supra*. Additionally, Plaintiff can demonstrate no set of facts that would entitle it to relief with respect to Mr. Feazell, even in his capacity as trustee. Even if Plaintiff could demonstrate that no coverage existed for Pittman Nursery with respect to the lawsuit brought by Mr. Feazell as trustee, that determination would have no effect on Mr. Feazell since he has already released his derivative claims against Pittman Nursery and,

7

therefore, has released those claims against Hortica. The case has settled and nothing remains to declare. Plaintiff has failed to state a claim upon which relief may be granted, and the Complaint must be dismissed. Fed. R. Civ. P. 12(b)(6).

### III.
### CONCLUSION

Mr. Feazell, as trustee, should not be a party to the present litigation. Mr. Feazell, as trustee, initiated a derivative action involving an entity insured by Hortica. But the suit settled. At this point, Mr. Feazell is not seeking damages from Pittman Nursery in any capacity and has no pending claim that could require indemnification by Hortica. As a result of these developments, no justiciable case or controversy exists. The Plaintiff lacks standing, and any claim asserted related to past litigation is moot. Any speculative claim regarding future litigation is not ripe for adjudication. Finally, the failure to prove a case or controversy under Article III also constitutes a failure to prove an "actual controversy" under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201; *Benjamin*, 361 F.3d at 463 (calling the "actual controversy" requirement "synonymous" with the Article III requirement). For all of these reasons, the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

/s/_____
William B. Harrell
  Texas Bar. No. 09042250
803 Pine Street
Texarkana, Texas 75501
(903) 793-1041 – Telephone
(903) 793-8449 – Facsimile
wbharrell@windstream.net

**ATTORNEY FOR DEFENDANT**
**BILL FEAZELL**

Of Counsel:

Stephen D. Wilson
  Texas Bar No. 24003187
Bradley C. Knapp
  Texas Bar No. 24060101
LOCKE LORD BISSELL & LIDDELL, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 - Telephone
(214) 740-8800 – Facsimile
swilson@lockelord.com

**ATTORNEY FOR DEFENDANT**
**BILL FEAZELL**

DAL:0101563/00002:1785216v1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing Brief in Support of Bill Feazell's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record including:

Kristine G. Baker
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201

Attorney for Plaintiff,
Hortica-Florists' Mutual Insurance Company

Dated: July 16, 2008

/s/ _____
William B. Harrell, Attorney for Defendant