IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA-FLORISTS' MUTUAL
INSURANCE COMPANY                                                                        PLAINTIFF

V.                                        Case No. 07-CV-1119

PITTMAN NURSERY CORPORATION;
DONNA SUE PITTMAN KING;
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1;
DAWOOD AYDANI; BILL FEAZELL;
D&M PITTMAN, INC.; ARCELIA MONTIZE;
EVENCIO GARCIA; AUGUSTIN GARCIA GONZALEZ;
MICKEY H. PITTMAN and
JOHN-MICHAEL HUNTER                                                                      DEFENDANTS

## ORDER

Before the Court is a Motion for Summary Judgment filed by Separate Defendants Pittman Properties Limited Partnership #1 ("PP1"), D&M Pittman, Inc., and Mickey H. Pittman.[1] (Doc. 35). Plaintiff has responded. (Doc. 48). The Court finds the matter ripe for consideration.

On December 26, 2007, Plaintiff filed its Complaint for Declaratory Judgment against all Defendants, seeking a declaration regarding its duty to defend or indemnify Pittman Nursery Corporation ("PNC") in connection with the complaints filed against PNC by Defendants. Separate Defendants seek summary judgment against Plaintiff, effectively dismissing Separate Defendants from this action, because no actual case or controversy exists between Plaintiff and Separate Defendants.

---

[1] These defendants will be collectively referred to as "Separate Defendants" throughout this order.

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.  Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant.  *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

Separate Defendants assert that no case or controversy exists between Plaintiff and Separate Defendants.  To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 771 (2007).  The dispute must also be "real and substantial." *Id*.  Separate Defendants have submitted affidavits confirming that they have no claim or potential claim under the insurance

policies issued by Plaintiff.  Based on Separate Defendants' statements in these affidavits, Plaintiff and the Court agree with Separate Defendants that they should be dismissed with prejudice from this action

. The Court finds that there is no genuine issue as to any material fact and that Separate Defendants are entitled to a judgment as a matter of law.  For reasons discussed herein and above, Separate Defendants' Motion for Summary Judgment is **GRANTED**.  Separate Defendants Pittman Properties Limited Partnership #1, D&M Pittman, Inc., and Mickey H. Pittman are **DISMISSED WITH PREJUDICE** from this action.

      IT IS SO ORDERED, this 9th day of October, 2008.

                                                  /s/ Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          United States District Judge