IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA–FLORISTS' MUTUAL
INSURANCE COMPANY                                                                                  PLAINTIFF

VS.                                                         CASE NO. 07-cv-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL, trustee of a certain
voting trust conferring in trust upon him all of the shares of
Pittman Nursery Corporation and on behalf of himself and all
other stockholders of Pittman Nursery Corporation,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER                              DEFENDANTS

## ORDER

Before the Court is Separate Defendant, Bill Feazell's Motion to Dismiss Plaintiff's First Amended Complaint filed on July 16, 2008. (Doc. 56). Plaintiff, Hortica-Florists' Mutual Insurance Company responded. (Doc. 58). The Court finds the matter ripe for consideration.

## BACKGROUND

On June 15, 2007, Mr. Feazell[1] filed suit against Pittman Properties Limited Partnership #1. On June 21, 2007, Mr. Feazell added Pittman Nursery Corporation ("Pittman Nursery") as an additional defendant. ("Feazell Litigation"). Pittman Nursery is insured by Plaintiff. Plaintiff denied coverage and defense of Pittman Nursery in the Feazell Litigation. On December 26, 2007, Plaintiff filed the present declaratory action. The Feazell Litigation settled, and was dismissed with prejudice by this Court on

---

[1] In his capacity as trustee of a certain voting trust purportedly conferring in trust upon him all shares of Pittman Nursery Corporation and allegedly on behalf of himself and all other stockhoders of Pittman Nursery.

January 2, 2008.² The Court advised the parties in the Feazell Litigation that if they desired the settlement terms to become part of the record, the settlement agreement should be filed with the Court no later than 30 days following the dismissal order. The settlement agreement was not filed. Because the Feazell Litigation settled, Mr. Feazell now seeks to be dismissed from this declaratory action.

## STANDARD OF REVIEW

The Court assumes that all facts in a complaint are true when considering a motion to dismiss. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). While the Court assumes the facts in a complaint are true, it is free to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002)*.* When evaluating a complaint**,** its legal sufficiency may be considered, but not the weight of the evidence supporting it. *Id.* This Court will dismiss a complaint only if the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d (2007).

## DISCUSSION

Mr. Feazell claims in his Motion to Dismiss that Plaintiff's First Amended Complaint must be dismissed for lack of a case or controversy under Article III of the Constitution. Plaintiff's declaratory action is brought pursuant to the Federal Declaratory Judgment Act which requires a "case of actual controversy." 28 U.S.C. § 2201. The Supreme Court has explained that the phrase "case of actual controversy" in the Declaratory Judgment Act refers to the type of cases and controversies referred

---

² *See Doc. No. 43*, *Feazell as Trustee of a certain Voting Trust v. Pittman Properties Limited Partnership #1, et al,* Case # 1:07-cv-1053, in the U.S. District Court, Western District of Arkansas, El Dorado Division.

to in Article III of the Constitution.[3] *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S.Ct. 764, 770, 166 L.Ed.2d 604 (2007). Therefore, the issue before this Court is whether Plaintiff's First Amended Complaint has presented an "actual controversy" between Plaintiff and Mr. Feazell. A case of actual controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct6. 510, 512, 85 L.Ed. 826 (1941).

Mr. Feazell asserts that because the Feazell Litigation was settled and dismissed with prejudice that he is deprived of any judgment he could use to obtain damages through Pittman Nursery's insurance coverage. Thus, there is no case of actual controversy between Mr. Feazell and Plaintiff. Plaintiff asserts that there is a case of actual controversy because Mr. Feazell could potentially file a direct action pursuant to Arkansas Code section 23-89-101, forcing Plaintiff to relitigate the coverage under Pittman Nursery's insurance policy. Plaintiff points out that they are unaware of the terms of the settlement agreement between Mr. Feazell and Pittman Nursery and whether that agreement released Mr. Feazell's potential claims against Plaintiff.

Plaintiff relies on *Maryland Casualty* to support its assertion that a case of actual controversy exists between themselves and Mr. Feazell. The Court finds *Maryland Casualty* distinguishable from the facts before it. In *Maryland Casualty*, the Supreme Court held that the insurer properly joined the injured party as a defendant in the declaratory action because, under the law of the state, the injured party may bring a direct action against the insurer. 312 U.S. at 273. By

---

[3] The Court finds no reason to analyze the requirements under Article III separately from the requirements of the Declaratory Judgment Act, as the Supreme Court has stated in *MedImmune* they are the same requirements. In addition, because Plaintiff's claim is made under the Declaratory Judgment Act the Court will confine its analysis to the requirements of that Act.

allowing the injured party to be named in the declaratory action it will prevent the coverage of the policy from being relitigated in the injured party's direct action against the insurer. 312 U.S. at 274. The *Maryland Casualty* court found there was an actual controversy between the insurer and the injured party because the injured party in that case had pending litigation against the insured. *Id.* If the injured party received a judgment against the insured, and that judgment went unsatisfied then the injured party had a statutory right to sue the insured directly. This is not the case here.

In Arkansas, an injured party has to meet the requirements of Arkansas Code section 23-89-101(b) before they may maintain a direct action against an insurer. This section requires in part that the injured party first obtain a judgment against the insured. If this judgment goes unsatisfied for 30 days then and only then may the injured party maintain a direct action against the insurer. *See Jarboe v. Shelter Ins. Co.,* 317 Ark. 395, 397, 877 S.W.2d 930, 932 (1994). Mr. Feazell has not received a judgment against Pittman Nursery, nor will he be able to do so since the Feazell Litigation was dismissed with prejudice by this Court. Therefore, Mr. Feazell will not be able to maintain a direct action against Plaintiff regarding the coverage of Pittman Nursery's insurance policy because he cannot met the requirements of Arkansas Code section 23-89-101. Without Mr. Feazell being able to maintain a cause of action against Plaintiff, there is no case of actual controversy here.

Plaintiff is correct in its statement that they are unaware of whether the settlement agreement between Mr. Feazell and Pittman Nursery released any potential claims Mr. Feazell may have against Plaintiff. However, the Court notes that Plaintiff has not presented any potential claims Mr. Feazell may have against them. The Court dismissed the Feazell Litigation with prejudice, resulting in Mr. Feazell not being able to refile any of the claims made in that litigation. Thus, Mr. Feazell will not be able to obtain the requisite judgment against Pittman Nursery in order to file a direct action against Plaintiff under Pittman Nursery's insurance policy.

## **CONCLUSION**

Therefore, the Court, considering all the facts alleged by Plaintiff in its First Amended Complaint as true, finds that Plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.,* 127 S. Ct. at 1974. Because Mr. Feazell could not maintain a direct action against Plaintiff, there is no substantial controversy between the parties, and the parties have no adverse legal interests. Thus, no case of actual controversy exists between Plaintiff and Mr. Feazell. For the above reasons, Separate Defendant, Bill Feazell's Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED, this 8th day of December, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge