IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA-FLORISTS' MUTUAL
INSURANCE COMPANY                                                              PLAINTIFF

VS.                          CASE NO. 07-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER                                     DEFENDANTS

### BRIEF IN SUPPORT OF SEPARATE MOTION TO DISMISS
### OF DAWOOD AYDANI TO THE SECONDED AMENDED COMPLAINT

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the filing of a motion to dismiss as an initial response of pleading to a complaint, in the event that the complaint fails to state a claim on its face upon which relief can be granted.

Even though a complaint should be liberally construed (Haines vs. Kerner, 404 U.S. 519, 92 S.Ct. 594 [1972]), when it appears beyond doubt that the plaintiff can prove no set of facts to support a claim against a particular defendant, then the relief is justified and should be awarded. Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957).

In this case it is impossible, even by giving the benefit of the doubt to the amended complaint, to construe a declaratory judgment action that applies to the separate defendant herein. This is an insurance policy matter between the insurer and the insured, and Mr. Aydani, as a separate individual, has absolutely no nexus, benefit

or contractual relationship to the policy in question. The fact that Mr. Aydani was involved in separate litigation (which has now been settled) does not either directly or by implication mean that those prior actions could possible involve any issues concerning coverage, except the issues that are directly between the insurer (plaintiff herein) and the insured (Pittman Nursery Corporation).

In this case there is an "insuperable bar to relief" that warrants the 12(b)(6) dismissal of this cause of action as against this separate defendant. <u>Barnes v. Gateway 2000, Inc.</u>, 122 F.3d 529, 546 (8th Cir. 1997).

Respectfully submitted this March 10, 2009.

        **VICKERY & CARROLL, P.A.**
        Attorneys for Defendant Dawood Aydani


        By:   /s/ Ian W. Vickery
              Ian W. Vickery (Ark. Bar ID# 76132)
              PO Box 2037
              El Dorado, AR 71731-2037
              Phone (870) 862-5565
              Fax (870) 863-5889
              ivickery@southarklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kristine G. Baker
Brad G. Dowler
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street, Suite 1900
Little Rock AR 72201

Ronny J. Bell
rbell@bellawfirm.com

Walter L. Boyaki
wboyaki@aol.com

Winford L. Dunn, Jr.
wldunn@dnmlawfirm.com

Karen Talbot Gean
ktalbot@belllawfirmpa.com

William B. Harrell
wbharrell@windstream.net

Jennifer R. Jameson
jjameson@belllawfirm.com

Mike Milligan
ElPasoMike13@aol.com

David P. Price
dplaw4781@sbcglobal.net

Stephen D. Wilson
swilson@lockelord.com

By: /s/ Ian W. Vickery
Ian W. Vickery (Ark. Bar ID# 76132)
PO Box 2037
El Dorado, AR 71731-2037
Phone (870) 862-5565