IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA–FLORISTS' MUTUAL
INSURANCE COMPANY                                                                                    PLAINTIFF

VS.                                            CASE NO. 07-cv-1119

PITTMAN NURSERY CORPORATION,
DONNA SUE PITTMAN KING,
PITTMAN PROPERTIES LIMITED PARTNERSHIP #1,
DAWOOD AYDANI, BILL FEAZELL, trustee of a certain
voting trust conferring in trust upon him all of the shares of
Pittman Nursery Corporation and on behalf of himself and all
other stockholders of Pittman Nursery Corporation,
D&M PITTMAN, INC., ARCELIA MONTIZE,
EVENCIO GARCIA, AGUSTIN GARCIA GONZALEZ,
MICKEY H. PITTMAN, and JOHN-MICHAEL HUNTER                                                DEFENDANTS

**ORDER**

Before the Court is Separate Defendant, Dawood Aydani's Motion to Dismiss Plaintiff's Second Amended Complaint filed on March 9, 2009. (Doc. 78). Plaintiff, Hortica-Florists' Mutual Insurance Company responded. (Doc. 85). The Court finds the matter ripe for consideration.

**BACKGROUND**

On June 27, 2007, Mr. Aydani filed suit against Pittman Nursery Corporation in the Circuit Court of Columbia County, Arkansas. Plaintiff denied coverage on the first count, but agreed to defend Pittman Nursery on the remaining counts in the Aydani Litigation.[1] On December 26, 2007, Plaintiff filed the present declaratory action. The Aydani Litigation settled, and was dismissed with

---

[1] Mr. Aydani's complaint alleged that he was owed certain commissions pursuant to a January 1, 1989 agreement, that he was wrongfully terminated for failure to support Pittman Nursery's position regarding payments of leases, that Pittman Nursery had violated the Arkansas Deceptive Trade Practices Act, and that Pittman Nursery had tortiously interfered with his 18% interest in Pittman Properties Limited Partnership #1.

prejudice by the Circuit Court of Columbia County, Arkansas on January 29, 2008.[2] Because the Aydani Litigation was settled, Mr. Aydani seeks to be dismissed from this declaratory action.

## STANDARD OF REVIEW

The Court assumes that all facts in a complaint are true when considering a motion to dismiss. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). While the Court assumes the facts in a complaint are true, it is free to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). When evaluating a complaint, its legal sufficiency may be considered, but not the weight of the evidence supporting it. *Id.* This Court will dismiss a complaint only if the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d (2007).

## DISCUSSION

Mr. Aydani claims in his Motion to Dismiss that Plaintiff's Second Amended Complaint must be dismissed because there exists no "justiciable controversy" under Article III of the Constitution regarding insurance-coverage issues that Hortica seeks to litigate. Plaintiff's declaratory action is brought pursuant to the Federal Declaratory Judgment Act, which requires a "case of actual controversy." 28 U.S.C. § 2201. The Supreme Court has explained that the phrase "case of actual controversy" in the Declaratory Judgment Act refers to the type of cases and

---

[2] *See Doc. No. 78-1, Dawood Aydani v. Pittman Nursery Corporation*, Case # CV-2007-107-4, in the Circuit Court of Columbia County, Arkansas, Civil Division.

controversies referred to in Article III of the Constitution.[3] *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S.Ct. 764, 770, 166 L.Ed.2d 604 (2007). Therefore, the issue before this Court is whether Plaintiff's Second Amended Complaint has presented an "actual controversy" between Plaintiff and Mr. Aydani. A case of actual controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

Mr. Aydani asserts that the separate case between himself and Pittman Nursery has been settled and dismissed with prejudice; therefore, there is no way to obtain damages against Pittman Nursery's insurance coverage, thus there is no case or controversy between Plaintiff and Mr. Aydani. Plaintiff asserts that there is a case or controversy because Mr. Aydani could potentially file a direct action pursuant to Arkansas Code section 23-89-101, forcing Plaintiff to relitigate the coverage under Pittman Nursery's insurance policy. Plaintiff also alleges that they are unaware of the terms of the settlement agreement between Mr. Aydani and Pittman Nursery and whether that agreement released Mr. Aydani's potential claims against Plaintiff.

Plaintiff relies on *Maryland Casualty* to support its assertion that a case of actual controversy exists between themselves and Mr. Aydani. The Court finds *Maryland Casualty* distinguishable from the facts before it. In *Maryland Casualty*, the Supreme Court held that the insurer properly

---

[3] The Court finds no reason to analyze the requirements under Article III separately from the requirements of the Declaratory Judgment Act, as the Supreme Court has stated in *MedImmune* that they are the same requirements. In addition, because Plaintiff's claim is made under the Declaratory Judgment Act the Court will confine its analysis to the requirements of that Act.

joined the injured party as a defendant in its declaratory action, because under the law of the state, the injured party may bring a direct action against the insurer. 312 U.S. at 273. By allowing the injured party to be named in the declaratory action it will prevent the coverage of the policy from being relitigated in the injured party's direct action against the insurer. 312 U.S. at 274. The *Maryland Casualty* court found that there was an actual controversy between the insurer and the injured party, because the injured party in that case had pending litigation against the insured. *Id*. If the injured party received a judgment against the insured, and that judgment went unsatisfied then the injured party had a statutory right to sue the insured directly. That is not the case here.

In Arkansas, an injured party has to meet the requirements of Arkansas Code section 23-89-101(b) before they may maintain a direct action against an insurer. This section requires in part that the injured party first obtain a judgment against the insured. If this judgment goes unsatisfied for 30 days then and only then may the injured party maintain a direct action against the insurer. *See Jarboe v. Shelter Ins. Co.*, 317 Ark. 395, 397, 877 S.W.2d 930, 932 (1994). Mr. Aydani has not received a judgment against Pittman Nursery, nor will he be able to do so since the Aydani Litigation was dismissed with prejudice by the Circuit Court of Columbia County, Arkansas. Therefore, Mr. Aydani will not be able to maintain a direct action against Plaintiff regarding the coverage of Pittman Nursery's insurance policy, because he cannot meet the requirements of Arkansas Code section 23-89-101(b). Without Mr. Aydani being able to maintain a cause of action against Plaintiff, there is no case of actual controversy here.

Plaintiff alleges that they are unaware of whether the settlement agreement between Mr. Aydani and Pittman Nursery released any potential claims Mr. Aydani may have against Plaintiff. However, the Court notes that Plaintiff has not presented any potential claims Mr. Aydani may have

against them.  The Circuit Court of Columbia County, Arkansas dismissed the Aydani Litigation with prejudice, resulting in Mr. Aydani being unable to refile any of the claims made in that litigation.  Thus, Mr. Aydani will not be able to obtain the requisite judgment against Pittman Nursery in order to file a direct action against Plaintiff under Pittman Nursery's insurance policy.

## CONCLUSION

Therefore, the Court, considering all the facts alleged by Plaintiff in its Second Amended Complaint as true, finds that Plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.  Because Mr. Aydani could not maintain a direct action against Plaintiff, there is no substantial controversy between the parties, and the parties have no adverse legal interests.  Thus, no "justiciable controversy" exists between Mr. Aydani and Plaintiff.  For the above reasons, Separate Defendant, Dawood Aydani's Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED, this 27th day of October, 2009

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge