IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA – FLORISTS' MUTUAL
INSURANCE COMPANY PLAINTIFF

v. Case No. 1:07-CV-01119-HFB

PITTMAN NURSERY CORPORATION, ET AL. DEFENDANTS

**ANSWER TO PITTMAN NURSERY CORPORATION'S AND DONNA SUE PITTMAN KING'S SECOND AMENDED COUNTERCLAIM**

Hortica – Florists' Mutual Insurance Company ("Hortica"), for its answer to Pittman Nursery Corporation's ("Pittman Nursery's") and Donna Sue Pittman King's second amended counterclaim to Hortica's second amended complaint, states:

**A. Background Facts**

1. Upon information and belief, Hortica admits the allegations in paragraph 1 of the second amended counterclaim.

2. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the second amended counterclaim and, therefore, denies them.

3. Hortica admits that Pittman Nursery currently faces litigation in federal court. Hortica denies all remaining allegations in paragraph 3 of the second amended counterclaim.

4. Hortica states that the complaint in the *PPLP #1* Litigation speaks for itself and denies any allegations in paragraph 4 of the second amended counterclaim regarding the contents of the complaint in the *PPLP #1* Litigation that are inconsistent with that complaint. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4 of the second amended counterclaim and, therefore, denies those

allegations. Upon information and belief, Hortica admits the allegations in the third sentence of paragraph 4 of the second amended counterclaim. Hortica denies all remaining allegations in paragraph 4 of the second amended counterclaim.

5. Hortica admits the allegations in the first sentence of paragraph 5 of the second amended counterclaim. Upon information and belief, Hortica admits the allegations in the second sentence of paragraph 5 of the second amended counterclaim. Hortica states that the complaint in the *Aydani* Litigation speaks for itself and denies any allegations in paragraph 5 of the second amended counterclaim regarding the contents of the complaint in the *Aydani* Litigation that are inconsistent with that complaint. Hortica admits that it agreed to defend Pittman Nursery in the *Aydani* Litigation under a reservation of rights. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the second amended counterclaim and, therefore, denies those allegations. Hortica denies all remaining allegations in paragraph 5 of the second amended counterclaim.

6. Hortica admits the allegations in the first and second sentences of paragraph 6 of the second amended counterclaim. Upon information and belief, Hortica admits the allegations in the third sentence of paragraph 6 of the second amended counterclaim. Hortica states that the complaint in the *Feazell* Litigation speaks for itself and denies any allegations in paragraph 6 of the second amended counterclaim regarding the contents of the complaint in the *Feazell* Litigation that are inconsistent with that complaint. Hortica denies all remaining allegations in paragraph 6 of the second amended counterclaim.

7. Hortica states that the complaint and first amended complaint in the *Muniz* Litigation speak for themselves and denies any allegations in paragraph 7 of the second amended

counterclaim regarding the contents of the complaint and first amended complaint in the *Muniz* Litigation that are inconsistent with that complaint and first amended complaint. Hortica admits that Mrs. Pittman King is not named as a defendant in the *Muniz* Litigation. Hortica denies all remaining allegations in paragraph 7 of the second amended counterclaim.

8. Hortica states that the complaint and first amended complaint in the *Muniz* Litigation speak for themselves and denies any allegations in paragraph 8 of the second amended counterclaim regarding the contents of the complaint and first amended complaint in the *Muniz* Litigation that are inconsistent with that complaint and first amended complaint. Upon information and belief, Hortica admits the *Muniz* Litigation is still pending. Hortica denies all remaining allegations in paragraph 8 of the second amended counterclaim.

9. Hortica denies the allegations in paragraph 9 of the second amended counterclaim.

10. Hortica denies the allegations in paragraph 10 of the second amended counterclaim.

11. Hortica denies the allegations in paragraph 11 of the second amended counterclaim.

12. Hortica denies the allegations in paragraph 12 of the second amended counterclaim.

13. Hortica denies the allegations in paragraph 13 of the second amended counterclaim.

14. Hortica admits that John-Michael Hunter filed suit against Pittman Nursery in state court in Columbia County, Arkansas on or about October 23, 2007. Hortica states that the complaint in the *Hunter* Litigation speaks for itself and denies any allegations in paragraph 14 of

the second amended counterclaim regarding the contents of the complaint in the *Hunter* Litigation that are inconsistent with that complaint. Hortica admits that Mrs. Pittman King is not named as a defendant in the *Hunter* Litigation. Upon information and belief, Hortica admits the *Hunter* Litigation is still pending. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the second amended counterclaim and, therefore, denies those allegations.

15. Hortica denies the allegations in paragraph 15 of the second amended counterclaim.

16. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the second amended counterclaim and, therefore, denies those allegations.

17. Hortica admits the allegations in paragraph 17 of the second amended counterclaim. Hortica states that the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006.

18. Hortica denies the allegations in paragraph 18 of the second amended counterclaim.

19. Hortica denies the allegations in paragraph 19 of the second amended counterclaim. Hortica states that the Greenhouse Grower Business Package Policy No. BP-09496 ("Policy No. BP-09496") and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of the parties.

20. Hortica denies the allegations in paragraph 20 of the second amended counterclaim. Hortica states that the second amended complaint Hortica filed in this action, Case No. 1:07-CV-01119 HFB, speaks for itself in regard to the relief Hortica requests in this action.

21. Hortica states that its motion for partial summary judgment and the Court's order of March 2, 2010 (Doc. No. 138) speak for themselves and denies any allegations in paragraph 21 of the second amended counterclaim regarding the contents of Hortica's motion for partial summary judgment and the Court's order of March 2, 2010, that are inconsistent with those documents. Hortica denies the remaining allegations in paragraph 21 of the second amended counterclaim.

22. Upon information and belief, Hortica admits the allegations in paragraph 22 of the second amended counterclaim.

23. Hortica denies the allegations in paragraph 23 of the second amended counterclaim. Hortica states that Jud Ankrom's March 17, 2010, letter speaks for itself and denies any allegations in paragraph 23 of the second amended counterclaim regarding the contents of Jud Ankrom's March 17, 2010, letter that are inconsistent with that letter.

24. Hortica denies the allegations in paragraph 24 of the second amended counterclaim.

25. Upon information and belief, Hortica admits the allegations in paragraph 25 of the second amended counterclaim.

26. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the second amended counterclaim and, therefore, denies them.

27. Upon information and belief, Hortica admits the allegations in paragraph 27 of the second amended counterclaim.

28. Hortica admits the allegations in paragraph 28 of the second amended counterclaim.

29. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the second amended counterclaim and, therefore, denies them.

30. Paragraph 30 of the second amended counterclaim does not state allegations that require a response from Hortica. To the extent paragraph 30 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

**B. Claim for Declaratory Relief**

31. Hortica admits that Pittman Nursery and Mrs. Pittman King seek from this Court the declaration identified in paragraph 31 of the second amended counterclaim, but Hortica denies that Pittman Nursery and Mrs. Pittman King are entitled to that declaration. Hortica denies all remaining allegations in paragraph 31 of the second amended counterclaim.

32. Hortica admits that Policy No. BP-09496 became effective January 1, 2002, and that Policy No. B-09496 was renewed through the policy period January 1, 2007 to January 1, 2008. Hortica admits that Business Excess Policy No. EX07193 became effective January 1, 2002, and that Business Excess Policy No. EX07193 was renewed through the policy period January 1, 2005, to January 1, 2006. Hortica states that the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica states that Policy

No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of the parties. Hortica denies all remaining allegations in paragraph 32 of the second amended counterclaim.

33. Hortica denies the allegations in paragraph 33 of the second amended counterclaim.

34. Hortica states that the Court's memorandum opinion and order of March 2, 2010 (Doc. Nos. 137, 138) speak for themselves and denies any allegations in paragraph 34 of the second amended counterclaim regarding the contents of the Court's memorandum opinion and order of March 2, 2010, that are inconsistent with the Court's memorandum opinion and order of March 2, 2010. Hortica denies all remaining allegations in paragraph 34 of the second amended counterclaim.

35. Upon information and belief, Hortica admits the allegations in the first sentence of paragraph 35 of the second amended counterclaim. Hortica denies all remaining allegations in paragraph 35 of the second amended counterclaim.

36. Paragraph 36 of the second amended counterclaim states legal conclusions and does not require a response from Hortica. To the extent that paragraph 36 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

37. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 37 of the second amended counterclaim and, therefore, denies those allegations. Hortica states that the Court's memorandum opinion of March 2, 2010 (Doc. No. 137) speaks for itself and denies any allegations in paragraph 37 of the

second amended counterclaim regarding the contents of the Court's memorandum opinion of March 2, 2010, that are inconsistent with the Court's memorandum opinion of March 2, 2010. Hortica denies all remaining allegations in paragraph 37 of the second amended counterclaim.

38. Hortica states that the first amended complaint in the *Muniz* Litigation speaks for itself and denies any allegations in paragraph 38 of the second amended counterclaim regarding the contents of the first amended complaint in the *Muniz* Litigation that are inconsistent with that first amended complaint. Hortica states that Policy No. BP-09496 and Business Excess Policy No. EX07193 speak for themselves and denies any allegations regarding the contents of Policy No. BP-09496 and Business Excess Policy No. EX07193 that are inconsistent with Policy No. BP-09496 and Business Excess Policy No. EX07193. Hortica states that the Court's memorandum opinion of March 2, 2010 (Doc. No. 137) speaks for itself and denies any allegations in paragraph 38 of the second amended counterclaim regarding the contents of the Court's memorandum opinion of March 2, 2010, that are inconsistent with the Court's memorandum opinion of March 2, 2010. Hortica denies all remaining allegations in paragraph 38 of the second amended counterclaim.

39. Hortica states that the first amended complaint and proposed second amended complaint in the *Muniz* Litigation speak for themselves and denies any allegations in paragraph 39 of the second amended counterclaim regarding the contents of the first amended complaint and proposed second amended complaint in the *Muniz* Litigation that are inconsistent with those complaints. Hortica denies the allegations in the second sentence of paragraph 39 of the second amended counterclaim. The third, fourth, and fifth sentences of paragraph 39 of the second amended counterclaim state legal conclusions and do not require a response from Hortica. To

the extent the third, fourth, and fifth sentences of paragraph 39 are ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations. Hortica states that Policy No. BP-09496 and Business Excess Policy No. EX07193 speak for themselves and denies any allegations regarding the contents of Policy No. BP-09496 and Business Excess Policy No. EX07193 that are inconsistent with Policy No. BP-09496 and Business Excess Policy No. EX07193. Hortica states that Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 39 of the second amended counterclaim.

40. Hortica states that the first amended complaint and proposed second amended complaint in the *Muniz* Litigation speak for themselves and denies any allegations in paragraph 40 of the second amended counterclaim regarding the contents of the first amended complaint and proposed second amended complaint in the *Muniz* Litigation that are inconsistent with those complaints. The second sentence of paragraph 40 of the second amended counterclaim states legal conclusions and does not require a response from Hortica. To the extent the second sentence of paragraph 40 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations. Hortica states that Policy No. BP-09496 and Business Excess Policy No. EX07193 speak for themselves and denies any allegations regarding the contents of Policy No. BP-09496 and Business Excess Policy No. EX07193 that are inconsistent with Policy No. BP-09496 and Business Excess Policy No. EX07193. Hortica states that Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 40 of the second amended counterclaim.

41. Hortica states that the first amended complaint and proposed second amended complaint in the *Muniz* Litigation speak for themselves and denies any allegations in paragraph 41 of the second amended counterclaim regarding the contents of the first amended complaint and proposed second amended complaint in the *Muniz* Litigation that are inconsistent with those complaints. Hortica states that Policy No. BP-09496 and Business Excess Policy No. EX07193 speak for themselves and denies any allegations regarding the contents of Policy No. BP-09496 and Business Excess Policy No. EX07193 that are inconsistent with Policy No. BP-09496 and Business Excess Policy No. EX07193. Hortica states that Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica denies all remaining allegations in paragraph 41 of the second amended counterclaim.

42. Hortica states that the first amended complaint in the *Muniz* Litigation speaks for itself and denies any allegations in paragraph 42 of the second amended counterclaim regarding the contents of the first amended complaint in the *Muniz* Litigation that are inconsistent with that first amended complaint. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 42 of the second amended counterclaim.

43. Hortica denies the allegations in paragraph 43 of the second amended counterclaim.

44. Hortica denies the allegations in paragraph 44 of the second amended counterclaim.

45. Hortica denies the allegations in paragraph 45 of the second amended counterclaim.

46. Hortica denies the allegations in paragraph 46 of the second amended counterclaim.

47. Hortica states that the complaint in the *Hunter* Litigation speaks for itself and denies any allegations in paragraph 47 of the second amended counterclaim regarding the contents of the complaint in the *Hunter* Litigation that are inconsistent with that complaint. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 47 of the second amended counterclaim.

48. Hortica denies the allegations in paragraph 48 of the second amended counterclaim.

49. Hortica states that the complaint in the *Hunter* Litigation speaks for itself and denies any allegations in paragraph 49 of the second amended counterclaim regarding the contents of the complaint in the *Hunter* Litigation that are inconsistent with that complaint. Hortica denies all remaining allegations in paragraph 49 of the second amended counterclaim.

50. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 50 of the second amended counterclaim.

51. Hortica denies the allegations in paragraph 51 of the second amended counterclaim.

52. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 52 of the second amended counterclaim.

53. Hortica admits that it has no duty to defend or indemnify Mrs. Pittman King. Hortica denies all remaining allegations in paragraph 53 of the second amended counterclaim.

54. Hortica states that the Court's order of August 30, 2010 (Doc. No. 148) speaks for itself and denies any allegations in paragraph 54 of the second amended counterclaim regarding the contents of the Court's order of August 30, 2010, that are inconsistent with the Court's order of August 30, 2010. Hortica denies the remaining allegations in paragraph 54 of the second amended counterclaim.

55. Hortica denies the allegations in paragraph 55 of the second amended counterclaim.

56. Hortica denies the allegations in paragraph 56 of the second amended counterclaim.

57. Hortica denies the allegations in paragraph 57 of the second amended counterclaim.

58. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 58 of the second amended counterclaim.

59. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the second amended counterclaim and, therefore, denies those allegations.

60. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the second amended counterclaim and, therefore, denies those allegations.

61. Hortica denies the allegations in paragraph 61 of the second amended counterclaim.

62. Hortica denies the allegations in paragraph 62 of the second amended counterclaim.

63. Hortica denies the allegations in paragraph 63 of the second amended counterclaim.

64. Hortica states that Policy No. BP-09496 speaks for itself and denies any allegations regarding the contents of Policy No. BP-09496 that are inconsistent with Policy No. BP-09496. Hortica denies all remaining allegations in paragraph 64 of the second amended counterclaim.

65. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the second amended counterclaim and, therefore, denies those allegations.

66. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the second amended counterclaim and, therefore, denies those allegations.

67. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the second amended counterclaim and, therefore, denies those allegations.

68. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the second amended counterclaim and, therefore, denies those allegations.

69. Hortica denies the allegations in paragraph 69 of the second amended counterclaim.

70. Hortica denies the allegations in paragraph 70 of the second amended counterclaim.

**C. Claim for Breach of Contract**

71. Hortica admits that Policy No. BP-09496 and the Business Excess Policy No. EX07193 were valid contracts between Hortica and Pittman Nursery. Hortica states that the Business Excess Policy No. EX07193 was not renewed and cancelled effective January 1, 2006. Hortica incorporates by reference and restates as if set forth word for word herein its responses to paragraphs 32 to 53 of the second amended counterclaim regarding the *Muniz* Litigation and *Hunter* Litigation. Hortica denies all remaining allegations in paragraph 71 of the second amended counterclaim.

72. Hortica incorporates by reference and restates as if set forth word for word herein its responses to paragraphs 68 to 70 of the second amended counterclaim regarding the *Aydani* Litigation. Hortica denies all remaining allegations in paragraph 72 of the second amended counterclaim.

73. Hortica denies the allegations in paragraph 73 of the second amended counterclaim. Hortica states that the second amended complaint Hortica filed in this action, Case No. 1:07-CV-01119 HFB, speaks for itself in regard to the relief Hortica requests in this action. Hortica denies all remaining allegations in paragraph 73 of the second amended counterclaim.

74. Hortica denies the allegations in paragraph 74 of the second amended counterclaim.

**D. Claim for Bad Faith**

75. Hortica admits the allegations in paragraph 75 of the second amended counterclaim.

76. Hortica admits that Pittman Nursery and Mrs. Pittman King purport to assert the various claims identified in paragraph 76 of the second amended counterclaim, but Hortica denies that Pittman Nursery or Ms. Pittman-King state any claim upon which relief can be granted and denies Pittman Nursery and Ms. Pittman-King are entitled to the relief they seek. Hortica further denies that any of the claims identified in paragraph 76 have merit. Hortica denies all remaining allegations in paragraph 76 of the second amended counterclaim.

77. Hortica denies the allegations in paragraph 77 of the second amended counterclaim.

78. Hortica denies the allegations in paragraph 78 of the second amended counterclaim. Pittman Nursery's and Ms. Pittman King's allegations are vague and ambiguous in the use of the phrases "directly or through its counsel" and "denying the existence of." Hortica states the Business Excess Policy No. EX07193 was not renewed and cancelled effective January

1, 2006. Hortica denies all remaining allegations in paragraph 78 of the second amended counterclaim.

79. Hortica admits that it initially agreed to defend Pittman Nursery in the *Aydani* and *Muniz* Litigations under a reservation of rights. Hortica denies all remaining allegations in paragraph 79 of the second amended counterclaim.

80. Hortica denies the allegations in paragraph 80 of the second amended counterclaim.

81. Hortica denies the allegations in paragraph 81 of the second amended counterclaim.

82. Hortica denies the allegations in paragraph 82 of the second amended counterclaim.

83. Hortica denies the allegations in paragraph 83 of the second amended counterclaim.

84. Hortica denies the allegations in paragraph 84 of the second amended counterclaim.

85. Hortica denies the allegations in paragraph 85 of the second amended counterclaim.

86. Hortica denies the allegations in paragraph 86 of the second amended counterclaim.

87. Hortica denies the allegations in paragraph 87 of the second amended counterclaim.

88. Hortica denies the allegations in paragraph 88 of the second amended counterclaim.

89. Hortica denies the allegations in paragraph 89 of the second amended counterclaim.

90. Hortica denies the allegations in paragraph 90 of the second amended counterclaim.

91. Hortica denies the allegations in paragraph 91 of the second amended counterclaim.

92. Hortica denies the allegations in paragraph 92 of the second amended counterclaim.

93. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the second amended counterclaim and in the "Defenses" section of the second amended counterclaim and, therefore, denies them. Hortica denies all remaining allegations in paragraph 93 of the second amended counterclaim.

94. Hortica states that Jud Ankrom's March 17, 2010, letter speaks for itself and denies any allegations in paragraph 94 of the second amended counterclaim regarding the contents of Jud Ankrom's March 17, 2010, letter that are inconsistent with that letter. Hortica denies the remaining allegations in paragraph 94 of the second amended counterclaim.

95. Hortica denies the allegations in paragraph 95 of the second amended counterclaim.

96. Hortica denies the allegations in paragraph 96 of the second amended counterclaim.

97. Hortica denies the allegations in paragraph 97 of the second amended counterclaim.

98. Hortica denies the allegations in paragraph 98 of the second amended counterclaim.

**E. Claim for Breach of Fiduciary Duty**

99. Hortica admits that it initially agreed to defend Pittman Nursery in the *Aydani* and *Muniz* Litigations under a reservation of rights. Hortica states that Policy No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of the parties. Hortica further states that it complied with the policies. Hortica denies all remaining allegations in paragraph 99 of the second amended counterclaim.

100. Hortica states that Policy No. BP-09496 and the Business Excess Policy No. EX07193 speak for themselves and set forth the rights and obligations of the parties. Hortica denies all remaining allegations in paragraph 100 of the second amended counterclaim.

101. Hortica denies the allegations in paragraph 101 of the second amended counterclaim.

102. Hortica denies the allegations in paragraph 102 of the second amended counterclaim.

103. Hortica denies the allegations in paragraph 103 of the second amended counterclaim.

104. Hortica denies the allegations in paragraph 104 of the second amended counterclaim.

105. Hortica denies the allegations in paragraph 105 of the second amended counterclaim.

106. Hortica denies the allegations in paragraph 106 of the second amended counterclaim.

107. Hortica denies the allegations in paragraph 107 of the second amended counterclaim.

108. Hortica denies the allegations in paragraph 108 of the second amended counterclaim.

109. Hortica denies the allegations in paragraph 109 of the second amended counterclaim.

110. The first sentence of paragraph 110 of the second amended counterclaim states legal conclusions and does not require a response from Hortica. To the extent the first sentence of paragraph 110 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 110 of the second amended counterclaim and, therefore, denies them. Hortica denies all remaining allegations in paragraph 110 of the second amended counterclaim.

111. Hortica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 111 of the second amended counterclaim and, therefore, denies them. Hortica denies all remaining allegations in paragraph 111 of the second amended counterclaim.

112. Hortica denies the allegations in paragraph 112 of the second amended counterclaim.

113. Hortica denies the allegations in paragraph 113 of the second amended counterclaim.

114. Hortica denies the allegations in paragraph 114 of the second amended counterclaim.

**F. Claims for Negligence**

115. Hortica denies the allegations in paragraph 115 of the second amended counterclaim.

116. Hortica denies the allegations in paragraph 116 of the second amended counterclaim.

117. Hortica denies the allegations in paragraph 117 of the second amended counterclaim.

118. Hortica denies the allegations in paragraph 118 of the second amended counterclaim.

119. Hortica denies the allegations in paragraph 119 of the second amended counterclaim.

**G. Promissory Estoppel**

120. Hortica admits that it initially agreed to defend Pittman Nursery in the *Aydani* and *Muniz* Litigations under a reservation of rights. Hortica denies all remaining allegations in paragraph 120 of the second amended counterclaim.

121. Hortica admits that it represented to Pittman Nursery that Hortica would pay the reasonable value of the legal services and costs incurred in the defense of the *Muniz* Litigation under a reservation of rights. Hortica denies all remaining allegations in paragraph 121 of the second amended counterclaim.

122. Hortica denies the allegations in paragraph 122 of the second amended counterclaim.

123. Hortica states that the motion to intervene filed in the *Muniz* Litigation speaks for itself and denies any allegations in paragraph 123 of the second amended counterclaim regarding the contents of the motion to intervene filed in the *Muniz* Litigation that are inconsistent with that motion. Hortica denies all remaining allegations in paragraph 123 of the second amended counterclaim.

124. Hortica denies the allegations in paragraph 124 of the second amended counterclaim.

125. Hortica denies the allegations in paragraph 125 of the second amended counterclaim.

126. Hortica denies the allegations in paragraph 126 of the second amended counterclaim.

**H. Contempt**

127. Hortica states that the Court's order of March 2, 2010 (Doc. No. 138) speaks for itself and denies any allegations in paragraph 127 of the second amended counterclaim regarding the contents of the Court's order of March 2, 2010, that are inconsistent with that order. Hortica denies the remaining allegations in paragraph 127 of the second amended counterclaim.

128. Hortica denies the allegations in paragraph 128 of the second amended counterclaim.

129. Hortica denies the allegations in paragraph 129 of the second amended counterclaim.

130. Paragraph 130 of the second amended counterclaim states legal conclusions and does not require a response from Hortica. To the extent paragraph 130 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

**I. Claim for Attorneys' Fees and Costs**

131. Paragraph 131 of the second amended counterclaim states legal conclusions and does not require a response from Hortica. To the extent paragraph 131 is ever construed as stating allegations against Hortica to which a response from Hortica is necessary, Hortica denies those allegations.

132. Hortica denies the allegations in paragraph 132 of the second amended counterclaim.

133. Hortica denies the allegations in paragraph 133 of the second amended counterclaim.

134. Hortica denies the allegations in paragraph 134 of the second amended counterclaim.

**DEMAND FOR JURY TRIAL**

135. Hortica denies that Pittman Nursery is entitled to a trial by jury.

136. Hortica denies all allegations in Pittman Nursery's and Mrs. Pittman King's prayer for relief after paragraph 135 of the second amended counterclaim.

137. Hortica denies each allegation in Pittman Nursery's and Mrs. Pittman King's second amended counterclaim not specifically admitted herein.

138. Hortica reserves the right to amend its answer or otherwise plead in response to Pittman Nursery's and Mrs. Pittman King's second amended counterclaim.

## AFFIRMATIVE DEFENSES

139. Pittman Nursery's and Mrs. Pittman King's second amended counterclaim fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

140. Pittman Nursery's and Mrs. Pittman King's second amended counterclaim, or portions thereof, may be barred by the doctrines of comparative fault, estoppel, laches, unclean hands, and waiver and by the applicable statute of limitations.

141. Hortica states that Pittman Nursery and Mrs. Pittman King are not entitled to an award of punitive damages and that any award of punitive damages against Hortica would be unconstitutional as violative of the Double Jeopardy Clause of the Fifth Amendment, U.S. Const. Amend. V; the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII; and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV.

142. Hortica states that Pittman Nursery and Mrs. Pittman King are not entitled to an award of punitive damages and that any award of punitive damages against Hortica would be unconstitutional as violative of the Excess Fines Clause, Ark. Const. Art. 2, § 9, and the Due Process Clause, Ark. Const. Art. 2, § 8.

143. Hortica expressly reserves the right to assert any and all additional affirmative defenses that discovery may reveal to be appropriate.

144. Hortica expressly reserves the right to assert any cross-claim, counterclaim, or third-party complaint revealed by discovery or, if necessary, to assert its rights to contribution or indemnity.

WHEREFORE, Hortica prays that this Court dismiss Pittman Nursery's and Mrs. Pittman King's second amended counterclaim, enter judgment in favor of Hortica, and grant Hortica all other relief to which it is entitled.

QUATTLEBAUM, GROOMS,
TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700

By: /s/ Kristine G. Baker
Kristine G. Baker, Ark. Bar No. 96211
Brad G. Dowler, Ark. Bar No. 2006177

*Attorneys for Hortica–Florists' Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Ronny J. Bell
rbell@belllawfirmpa.com

Walter L. Boyaki
wboyaki@aol.com

Sara N. Copeland
sncopeland@lockelord.com

Winford L. Dunn , Jr
wldunn@dnmlawfirm.com

Karen Talbot Gean
ktalbot@belllawfirmpa.com

William B. Harrell
wbharrell@windstream.net

Jennifer R. Jameson
jjameson@belllawfirmpa.com

Mike Milligan
ElPasoMike13@aol.com

David P. Price
dplaw4781@sbcglobal.net

Seth Michael Roberts
sroberts@lockelord.com

Stephen D. Wilson
swilson@lockelord.com

/s/ Kristine G. Baker