IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HORTICA-FLORISTS' MUTUAL                                               PLAINTIFF
INSURANCE COMPANY

vs.                             Civil No. 1:07-cv-1119-RTD

PITTMAN NURSERY CORPORATION,                                           DEFENDANTS
and DONNA SUE PITTMAN KING

### ORDER

Pending before the Court is Defendant, PITTMAN NURSERY CORPORATION's (hereinafter PNC) Motion for Award of Attorney's Fees and Corrected Motion for Attorney's Fees. ECF Nos. 284 and 286.[1] PNC is the prevailing party in this declaratory judgment action. With this Motion, PNC requests an attorney's fee of $308,380.00.[2] The Plaintiff, HORTIC-FLORISTS' MUTUAL INSURANCE COMPANY (hereinafter Hortica) has responded, objected to the requested award, and suggested an attorney's fee award of no more than $29,417.50. ECF No. 288-289.

This Motion was referred to the undersigned for decision. On May 7, 2014, a hearing was held regarding the Motion for Attorney's Fees. Both PNC and Hortica were represented by Counsel at the hearing. Upon consideration of the Motion, the Response, the itemized billing statement of PNC's counsel, the line by line objections to that billing statement of Hortica, and arguments of Counsel, the Court finds the Motion for Award of Attorney's Fees should be **GRANTED** in **PART** as set out below.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

[2] The requested award of $308,380.00 is based on the Court's previously established per hour rate of $350 for partners, $175 for associates and $85 for paralegals in related litigation. PNC alternatively requests $425,637.50 at the rates normally charged by PNC's counsel.

1. <u>Background:</u>

The relevant factual background of this litigation is set out in the opinion of the United States Court of Appeal for the Eighth Circuit in *Hortica-Florists's Mutual Insurance Co., v. Pittman Nursery Corp. et al*, 729 F.3d 846 (8th Cir. 2013). Only the facts necessary for decision regarding the pending motion for attorney's fees are set out herein. PNC was a family owned nursery business in Magnolia, Arkansas. Hortica sold several policies of insurance to PNC beginning in 2002. In 2007, five lawsuits were filed against PNC alleging various causes of action, all of which related, in some manner, to an internal struggle among family members over control of PNC and the nursery business. PNC requested a defense from Hortica and Hortica hired a law firm from Little Rock, Arkansas to provide the defense. Thereafter, Hortica sued PNC, and others, in a declaratory judgment suit seeking to establish its obligations to defend PNC under the insurance policies it had issued providing insurance coverage for PNC. PNC hired its current counsel to defend the declaratory judgment action. PNC answered the declaratory judgment complaint and filed a counterclaim alleging negligence, bad faith, breach of fiduciary duty, and breach of contract.

On March 2, 2010, this Court ruled Hortica had a duty to defend and indemnify PNC under two of the policies in two of the five pending lawsuits.[3] ECF No. 138. On August 30, 2010, this Court ruled Hortica had a duty to defend and indemnify PNC in a third lawsuit. ECF No. 148. The parties agreed there was no duty to defend in the two remaining law suits. After these rulings, only PNC's counterclaims remained. The Court granted a judgment as a matter of law in favor of Hortica

---

[3]Hortica was later ordered by the undersigned to pay $309,805.69 in fees to PNC's counsel in one of the three lawsuits it was ordered to defend. ECF No. 184. The Honorable Robert T. Dawson later reduced this award to $222,315.94. ECF No. 195. This amount was over and above the $200,000.00 Hortica previously paid PNC's counsel in that case. PNC's counsel received a total of $422,315.94 to defend that case, which never went to trial.

on the breach of fiduciary duty and punitive damage claims. The remaining claims of bad faith, negligence, and breach of contract, were tried to a jury.

A jury trial commenced on October 18, 2011, regarding the remaining counterclaims. On October 21, 2011, the jury found Hortica was negligent in its handling of PNC's insurance claims and awarded PNC $50,000.00 in damages. ECF No. 245. It also concluded Hortica acted in bad faith and awarded PNC $1.3 million in punitive damages. ECF No. 245. The jury did not find for PNC on its breach of contract claim. On January 10, 2012, the Court granted Hortica's motion for judgment as a matter of law, concluding the jury's verdict with respect to PNC's negligence and bad faith claims was not supported by substantial evidence. ECF No. 258.

PNC appealed the order granting Hortica's motion for judgment as a matter of law. On September 6, 2013, the Eighth Circuit affirmed this Court's entry of a judgment as a matter of law on the issues raised in the counterclaims. *See Hortica-Florists's Mutual Insurance Co.*, 729 F.3d at 860. The Eighth Circuit remanded the issue of awarding PNC its attorney's fees in the defending the declaratory judgment suit, stating:

> The district court concluded, and Hortica now argues, PNC may not recover attorney's fees for Hortica's declaratory judgment action because 'PNC did not prevail on any of its claims in the case at bar.' We cannot agree with this reasoning because a party's ability to obtain fees under [ARK. CODE ANN.] § 23-79-209(a) does not depend on its success with respect to any declaratory counter-claims it has filed. *See S. Farm Bureau Cas. Co. v. Watkins*, 386 S.W.3d 6, 8, 11 (Ark.Ct.App.2011) (stating, in a case where the policyholder lost on his declaratory counter-claims, that a court's declaration an insurance company has a duty to defend entitles the policyholder to attorney's fees). To determine whether PNC is entitled to fees, we must simply consider the statute in light of the facts before us and decide whether PNC has satisfied the statutory requirements.

*Hortica-Florists' Mut. Ins. Co.*, 729 F.3d at 853. The Court then determined PNC had satisfied the requirements of the Arkansas statute and was entitled to recover attorney's fees for its efforts in

defending the declaratory judgment action. However, PNC was not entitled to an award of fees for pursuing any counterclaims it brought which were unsuccessful. *See id.* at 853. The issue of attorney's fees was remanded "to determine the proper amount of fees Hortica must pay to PNC for its defense in the declaratory judgment suit." *Id.* "On remand, we instruct PNC to provide documents which segregate hours spent on the declaratory and underlying lawsuits." *Id.* n. 8.

**2. Applicable Law:**

The applicable Arkansas attorney's fee statute is ARK. CODE. ANN. § 23-79-209, which states:

> (a) In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his or her rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.

As the Eighth Circuit noted, Arkansas courts have held the statute (and its predecessor) afford an insured the right to reimbursement for reasonable attorney's fees when they are successful in a declaratory judgment action. *See Shelter Mut. Ins. Co. v. Smith*, 300 Ark. 348, 353-54 (1989) (awarding of attorney's fees is proper under § 23-79-209). That award of attorney's fees is left to the sound discretion of the trial court. *See e.g., Wal-Mart Stores, Inc., v. Barton*, 223 F.3d 770 (8th 2000) ("We review a district court's award of attorney's fees and costs under Title VII for abuse of discretion.").

Once a determination is made that attorney's fees should be awarded, the computation of allowable attorney's fees is governed by familiar principles. The Court should consider the following factors: the experience and ability of the attorney, the time and work required of him, the amount involved in the case and the results obtained, the fee customarily charged in the locality for

similar legal services and whether the fee is fixed or contingent. *See Southall v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 337 (1984). However, there is no fixed formula for deciding how to determine a reasonable fee. *See New Hampshire Ins. Co., v. Quilantan*, 269 Ark. 359-60 (1980).

### 3. Discussion:

With the foregoing principles in mind, the undersigned has reviewed the Motion for Award of Attorney's Fees and the accompanying spreadsheet detailing PNC's counsel's submission of time and services rendered in defending the declaratory judgment in this action. PNC's time records show a total of twenty-six (26) different people worked on and submitted billable time on the litigation. Of the 26 individuals, nine (9) were lawyers, several of whom were partners. PNC's claims compensation for more than 1300 hours of attorney time in defending this declaratory judgment action, a suit that was about the terms of insurance policies and was decided on "the paper" as both sides admit.

In total, PNC requests a payment of $425,637.50 in fees. This reflects hourly rates ranging from $575.00 per hour for partners to $295.00 per hour for associates and $230.00 per hour for paralegals. PNC does acknowledge this Court has previously set the hourly rate for attorney's fees in the related cases at a rate below that of the firm rate. PNC offers counsel's time sheets, a summary spreadsheet of the information on those time sheets, and the affidavit of lead counsel Stephen O. Wilson in support of its claim. At the hearing regarding attorney's fees, Mr. Wilson asserted he and his firm were entitled to the higher hourly rates in this case because of the complexity of the litigation and because he works for a "big firm from a metropolitan area. And when that firm wins on the issue that its trying to get coverage on, you gotta give that some credit." (Recording of Attorneys Fee Hearing at 1:11:55, recording maintained in Court's chambers' file).


I have also reviewed each of the objections to those time and services entries and note Hortica has objected to essentially every single entry. Despite the Eighth Circuit clearly finding PNC entitled to an award of attorney's fees, Hortica in effect, says none of the services rendered by PNC's counsel should be considered as a basis of awarding a fee in this matter. Even more puzzling is the fact Hortica objects to the entire request yet offers no evidence of any kind in support of its position. Pursuant to Local Rule 54.1, Hortica could have offered a counter-affidavit to "controvert any of the factual matters contained in the petition and may assert any factual matters bearing on the award of attorney's fees." Hortica failed to do that either by way of an affidavit from its own counsel or by obtaining an attorney's fee expert to give an opinion. Rather, Hortica asks the Court to either disregard services clearly performed in defense of the declaratory judgment action or to assign an apparently arbitrary hourly or minute amount of time for a lawyer to provide those services, such as to read a page of briefing or prepare a page of an affirmative pleading. ECF No. 289.

Despite PNC's request for an enhanced hourly rate, the Court has used in the related cases a rate of $350.00 per hour for partner time, $175.00 per hour for associate time, and $85.00 per hour for paralegal time. Further, while PNC's counsel is admittedly competent, there are many lawyers in Arkansas who are just as competent, who handle declaratory judgment cases involving insurance coverage claims on a regular basis, many in front of this court, and who charge far less per hour than the amount charged by Mr. Wilson's firm. I find the rates previously used in the companion cases to be fair and reasonable for the type of litigation at issue here in this District. Accordingly, I apply those rates in this case as well.

**4. Findings**:

    a. <u>Number of lawyers</u>: I find this declaratory judgment matter involved complex legal issues. Further, I find the use of more than one lawyer to be warranted in defense of the suit.

However, PNC seeks compensation for nine (9) different lawyers and submits billing for some seventeen (17) non-lawyer staff. I find this to be excessive. PNC's counsel at the hearing stated in response to a question from the Court that four lawyers were primarily involved in the defense of this declaratory judgment suit. I find this to be reasonable in light of the factors to be considered as set out by the Arkansas Supreme Court. *See Southall v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 337 (1984). Accordingly, I will consider the billing statements submitted by Stephen O. Wilson, Seth M. Roberts, Sarah N. Copeland, and Tom F. Loose. Any other billings submitted by lawyers for PNC are excessive and will not be used in determining an appropriate fee in this matter.

  b. <u>Inappropriate specific billing entries</u>: In the review of all of the entries on the billing records submitted by PNC I find the following entries not appropriate for reimbursement. These submissions will not be used in determining an appropriate fee in this matter.

  Entries unrelated to declaratory judgment litigation:

| Date | Lawyer | claim in hours |
|---|---|---|
| 2-(19-20)-2009 | Copeland | 6.75 |
| 4-1-2009 | Roberts | .5 |
| 9-8-2009 | Copeland | .5 |
| 9-18-2009 | Roberts | .5 |
| 10-9-2009 | Wilson | .25 |
| 10-13-2009 | Wilson | .5 |
| 10-27-2009 | Roberts | 1.0 |
| 11-10-2009 | Wilson | 5.0 |
| 11-24-2009 | Copeland | .25 |
| 1-7-2010 | Roberts | .25 |
| 2-19-2010 | Roberts | .25 |

| 2-19-2010 | Wilson | .25 |
|---|---|---|
| 2-22-2010 | Roberts | .25 |
| 3-1-2010 | Roberts | 1.25 |
| 3-3-2010 | Roberts | 1.0 |
| 3-4-2010 | Roberts | 1.0 |
| 3-5-2010 | Roberts | .75 |
| 7-19-2010 | Roberts | .5 |
| 7-21-2010 | Roberts | 7.75 |
| 7-21-2010 | Wilson | .75 |
| 7-22-2010 | Roberts | 7.75 |
| 7-23-2010 | Roberts | 4.0 |
| 7-26-2010 | Wilson | 1.0 |
| 7-26-2010 | Roberts | 2.0 |
| 8-4-2010 | Roberts | 1.0 |
| 8-18-2010 | Roberts | 2.0 |
| 8-18-2010 | Wilson | .25 |

Entries showing excessive time billed for the task described:

| Date | Lawyer | claim in hours |
|---|---|---|
| 7 -(16-20)-2009 | Wilson | 32.75 |
| 7-29-2009 | Roberts | 1.5 |
| 5-(7-26)-2010 | Roberts/Wilson | 4.25 |
| 6-2-2010 | Roberts | .25 |
| 6-17-2010 | Wilson | .5 |

Entries for clerical work performed by lawyers

| Date | Lawyer | claim in hours |
|---|---|---|
| 7-21-2009 | Roberts | 1.5 |

8

| | | |
|---|---|---|
| 7-27-2009 | Copeland | .25 |
| 10-23-2009 | Roberts | .25 |
| 10-28-2009 | Copeland | 4.5 |
| 1-27-2010 | Roberts | .25 |
| 1-28-2010 | Roberts | .5 |
| 1-29-2010 | Roberts | .5 |
| 2-1-2010 | Roberts | .5 |
| 2-2-2010 | Roberts | 1.5 |

Additionally PNC's counsel, Mr. Wilson and Mr. Loose, submitted time records for some 77.75 hours preparing for a court ordered settlement conference in this matter. I find this amount of time to be excessive for settlement conference preparation in this case. I find 20 hours of preparation to be reasonable in this case.

None of the foregoing hourly time submissions are reasonable in the defense of this declaratory judgment action and PNC shall not be awarded an attorney's fee for these submissions.

c. Reasonable Attorney's Fees: Based on my review of all of the materials submitted I find the following to be a summary of the time and services rendered by PNC's counsel in reasonably defending this declaratory judgment suit. This calculation includes time spent by PNC's counsel on the appeal of this matter to the Eighth Circuit.

| Provider | Rate | Hours | Total |
|---|---|---|---|
| Partner | $350.00 | 277.50 | $97,125.00 |
| Associate | $175.00 | 651.75 | $114,056.25 |
| Paralegal | $85.00 | 36.5 | $3,102.50 |
| **TOTAL FEE** | | | **$214,283.75** |

**4. Conclusion:** PNC is entitled to a reasonable attorney's fee of **$214,283.75** in this matter.

**IT IS THEREFORE ORDERED** Defendant, PNC's Motion for Award of Attorney's Fees

and Corrected Motion for Attorney's Fees (ECF Nos. 284 and 286) are hereby **GRANTED IN PART**. Plaintiff Hortica is **ORDERED** to pay PNC an attorney's fee of **$214,283.75** within 30 days of the date of this Order.

    **ENTERED** this **9th day of May 2014.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE